WIGGINTON, Acting Chief Judge.
Petitioner seeks review by certiorari of an order entered by the Florida State Board of Dental Examiners adjudging him to be guilty of violating two provisions of the statute governing the size and shape of professional signs exhibited by practicing dentists in the State of Florida, and suspending his license for a period of three months for such violation. Among other things, petitioner contends that the penalty exacted of him for the offense of which he was adjudged guilty is excessively severe' and as such constitutes an abuse of discretion for which reversal is sought.
A review of the record reveals that petitioner was admitted to the practice of dentistry in Florida in the year 1953. He testified that at that time he was furnished with a copy of the state statutes governing the practice of dentistry in Florida. The pertinent statute which was in effect at that time provided that a dentist was permitted to use signs to advertise his name, the lettering on which could be as much as seven inches in height.[1] There is no controversy regarding petitioner’s compliance with the mentioned statute with which he became in *560 itially familiar upon his admission to practice.
The record further reflects that the foregoing statute was amended in 1961, and is the statute which is in effect today and on which the respondent relies to support its order complained of. The amended statute provides that a dentist may have not more than two unilluminated signs visible from the exterior of his office, which signs shall be square or rectangular in shape and contain letters not exceeding four inches in height.[2]
The evidence establishes that petitioner moved the location of his professional office to a new building in April of 1964. This one story building consists of a long row of offices joined together by common separation walls and sheltered under one roof. The landlord from whom petitioner rented his office space constructed signs of uniform size in the form of a shield which are attached to the wall at the entrance of each tenant’s office. When petitioner secured office space in the building in question, he had his name together with other pertinent information painted on the sign located next to the entrance into his office. This was the practice followed by all other tenants as they rented and occupied the space allotted to them. Although the proof reveals without dispute that petitioner was not familiar with the changes in the statute as amended in 1961, the fact nevertheless remains that the sign on the front of his office next to the entrance was in the form of a shield instead of being square or rectangular as required by the statute. This is one of the violations of which petitioner was found guilty.
Thc record further reveals that on the side of the building which housed the several offices, including the one occupied by petitioner, the name of the building is painted in black letters under which is painted the names of the tenants occupying office space in the building. The first name so listed is that of petitioner. The witness for respondent testified that the names of'the other tenants appearing on the side of the building are painted in letters measuring five and one-half inches in height, but petitioner’s name appeared in letters of a slightly smaller size. This witness did not testify as to how much less than five and one-half inches in height the letters in petitioner’s name appeared. Petitioner testified, however, that he measured the letters appearing in his name on the side of the building and found them to be four and one-fourth inches in height. It is noted that the statute prohibits lettering of this type to be in excess of four inches high. This is the remaining violation of which petitioner was found guilty.
The testimony reveals that sometime in 1964 shortly after petitioner moved into his new offices, he received a visit from two dentists apparently acting on behalf of respondent board. During this visit petitioner was advised that the sign erected at the entrance of his office was in violation of the existing statute in that the designation “Dr.” appeared in front of his name, which designation was prohibited. He was also advised that the letters in his name appearing in the listing on the side of the building were larger than that permitted by law. Petitioner testified that shortly after this visit he engaged a sign painter who promptly removed from the sign at the entrance to his office the designation “Dr.” appearing *561 before his name, and the sign painter, without direction but in the exercise of his own judgment, replaced the obliterated designation with a medical caduceus in order to balance the lettering on the sign and make it attractive. Petitioner further testified that he instructed the sign painter to be sure that the lettering in his name on the side of the building did not exceed four inches in height, and was assured that the lettering in his name did not exceed the prescribed height. In reliance upon this information, and what had been done to correct the deficiencies pointed out to him in the sign located at the entrance to his office, petitioner assumed that he was in full compliance with the statute and so notified respondent board.
Respondent’s investigator visited petitioner’s office in April and June of 1965 following which petitioner was charged in this proceeding with having violated the existing statute regarding the shape of the sign maintained by him at the entrance to his office, and the size of the letters in his name appearing in the listing on the side of the building. It was not until petitioner was served with a copy of these charges that he was aware of any contention to the effect that his professional sign on the front of the building constructed in the form of a shield was in violation of law. When he received a copy of the charges against him, he immediately removed the entire sign at the entrance to his office, and had his name removed from the listing on the side of the building.
It was upon the foregoing evidence that respondent board found petitioner guilty of having violated the statute regarding the display of professional signs, and upon which its order suspending petitioner from the practice of dentistry for a period of three months is based.
In the case of Rogers v. King[3] we had occasion to review by certiorari a ruling of the Florida Real Estate Commission revolc-ing the licenses of two real estate salesmen for violation of certain provisions of the Real Estate License Law.[4] As in the case sub judice, the violation in Rogers arose from the use of a professional sign erected by petitioners on which they advertised themselves as real estate brokers and salesmen. Although the evidence in that case reflected a technical violation of the statute by petitioners, such violation was obviously not of such character as to evince a flagrant disregard of the law or to constitute acts that were malum in se. Our review of the Rogers case, as in the case now before us, was invoked pursuant to the provisions of the Administrative Procedures Act which provides that: “In cases where certiorari is granted pursuant to this section, the court may issue its mandate, or order, with directions to the agency to enter such order in the proceedings as is appropriate on the record, * * [5] In Rogers it was our view that upon the evidence contained in the record, the penalty imposed by the respondent board was harsh and inordinate. We therefore held that the action of the board in revoking the petitioners’ licenses as real estate salesmen was an unlawful exercise of the power vested in the board. The order was accordingly quashed and the cause remanded for the imposition of an appropriate penalty.
In the case now before the court we are convinced from a careful examination of the record that although petitioner is guilty of a technical violation oí the statute regarding the display of professional signs, such violation is not of such character as to evince a flagrant disregard of the law or to constitute acts that are malum in se. Although all professional people are held to a high degree of compliance with the laws of this state and the rules of the boards and agencies which regulate their professions, a corresponding responsibility rests upon such boards and agencies to refrain from taking such disciplinary action as will seriously *562 reflect upon or destroy the good name and reputation of those under their jurisdiction except in cases which fully warrant such extreme action. It is our further conviction that under the facts reflected by this record the action of the board in suspending petitioner’s license for a period of three months is inordinately severe and constitutes an abuse of the discretion vested in the board by the statute. The order in question is quashed and the cause remanded with directions that an appropriate order be entered reprimanding petitioner for his technical violation of the statute described in the charges made against him, which reprimand shall constitute an adequate warning against future violations by petitioner of the statutes of the state and rules of the board regarding the practice of dentistry in Florida.[6]
STURGIS and CARROLL, DONALD K., JJ., concur.

. § 466.25, F.S.A., 1959.

. § 466.27(2) F.S.A., 1961.
“A dentist may have not more than two unilluminated signs visible from the exterior of his office. Said signs shall be square or rectangular in shape with unshaded lettering not to exceed four inches in height; provided, however, that signs existing on the effective date of this act need not be removed. They shall include his name, the word ‘dentist’ or his de-groe, D.D.S. or D.M.D. and may list any specialty to which the dentist confines his practice exclusively. These signs shall be limited to the above information and may be located on only one of his office windows and one at the entrance of the building in which his office is located or in front of the building in which his office is located. * * * ”

. Rogers v. King (Fla.App.1964) 161 So. 2d 258.

. Rogers v. Bung, supra note 3.

. Chap. 475, F.S.A., 1961.

. § 120.31, F.S.A.