182 So.2d 304 (1966)
Heyward W. SAULS, Jr., Petitioner,
v.
J. Boyd DE LOACH, Jeanne M. Goddard, T.E. Smotherman, Richard W. Pearce and Richard F. Livingston, as and Constituting the Board of Public Instruction of Volusia County, Florida, a Body Corporate, and the State Department of Education, a Body Politic under the Laws of the State of Florida, Respondents.
No. G-522.
District Court of Appeal of Florida. First District.
January 18, 1966.
Rehearing Denied February 14, 1966.
Judge & Rosier, Daytona Beach, for petitioner.
John B. Mattingly, DeLand, Earl Faircloth, Atty. Gen., Ralph E. Odom and Sam G. Harrison, Jr., Asst. Attys. Gen., for respondents.
JOHNSON, Judge.
Petitioner seeks writ of certiorari following affirmance by the State Board of Education of an order entered by the Board of Public Instruction of Volusia County.
The petitioner, an instructor at Daytona Beach Junior College, held tenure pursuant to the Volusia County Teacher's Tenure Law, Chapter 18964, Special Acts of Florida, 1937, as amended by Chapter 20187, Special *305 Acts of Florida, 1939. Notice was given to the petitioner that the school board was not going to re-employ him for the 1964-65 term, and a statement of charges against petitioner was included with the notice.
After a public hearing on the matter was had, in which petitioner was represented by his attorney, the School Board determined the facts to be as charged and thus warranted the Board in failing to re-employ petitioner for the school year 1964-1965.
Thereupon, an appeal to the State Board of Education was taken by petitioner as provided for in the aforementioned Tenure Act. After a review and study of the proceedings before the Board of Public Instruction, the State Board entered its order affirming the decision and action taken by the Board of Public Instruction. Hence, the petition for writ of certiorari to this court.
Final orders of administrative agencies are reviewable by certiorari by the district courts of appeal under authority of Article 5, Section 5(3), of the Constitution of the State of Florida, F.S.A., and section 120.31(1) F.S.A. Petitioner had exhausted his administrative remedies and his only remaining means of review was by certiorari to this court. On certiorari the question which we must determine is whether the administrative agency acted without or in excess of its jurisdiction, or whether essential requirements of law were not adhered to in the proceedings. Bloomfield v. Mayo, 119 So.2d 417 (Fla.App. 1960).
A question concerning a violation involving sequestration of witnesses is raised by petitioner. This point has been carefully considered and we have found that there was competent, substantial evidence as defined in De Groot v. Sheffield, 95 So.2d 912 (Fla. 1957) by which the State Board could have found that the alleged violation did not prejudice the rights of petitioner. It is fundamental that the strict rules of evidence followed in formal court actions do not govern in proceedings before administrative bodies. Agner v. Smith, 167 So.2d 86 (Fla.App. 1964).
Therefore, since there was no failure of jurisdiction and petitioner was not denied essential rights, the petition for writ of certiorari must be and is hereby denied.
WIGGINTON, Acting C.J., and STURGIS, J., concur.