RAWLS, Acting Chief Judge.
Petitioner, Morris Odessky, d/b/a Morris Sales & Export Company, seeks certiorari *733 to review a final order of the Commissioner of the Department of Agriculture of the State of Florida pursuant to the provisions of Section 604.21, Florida Statutes, F.S.A. Three points are posed by petitioner, viz.: 1. There is not competent substantial evidence to support the Commissioner’s findings; 2. The hearing examiner departed from the essential requirements of law by admitting into evidence certain letters; and 3. Section 604.21, Florida Statutes 1967, F.S.A., is unconstitutional because it conflicts with the Fourteenth Amendment to the Constitution of the United States.
Chapter 604, Florida Statutes 1967, F.S.A., authorizes the Commissioner of Agriculture to license dealers in agricultural products, as defined therein, provides for the posting of bonds by such dealers conditioned to secure the faithful accounting for and payment to producers of all agricultural products handled or sold by such dealers, and establishes an administrative framework for compliance with this law. Pursuant to the provisions of this chapter, Six L’s Packing Company, Inc., a producer of agricultural products as defined by Section 604.15(6), filed a complaint with the Department of Agriculture against petitioner seeking to collect the sum of $5,910.00 which represents the purchase price of 850 cartons of mature green tomatoes. The Commissioner found in favor of Six L’s and entered his order directing the petitioner to pay $5,910.00 to the company within fifteen days from the date of the order. Hence, the instant petition for certiorari was filed.
We first consider the point questioning the sufficiency of the evidence to sustain the Commissioner’s order. It is the contention of petitioner that the subject tomatoes were infected with a decay caused by fusarium rot at the time they were delivered to petitioner; and such condition was not discoverable at that time because no decay was apparent. Petitioner argues that if the subject tomatoes were infected with fusarium rot at the time they were delivered to him, this being a latent defect, then the tomatoes did not meet the specifications of petitioner’s order, and therefore the Commissioner’s order is erroneous.
Without serious contradiction the testimony reflects that an agent of petitioner purchased 850 cartons of tomatoes at Im-mokalee, Florida, at an agreed price; that the tomatoes were at the time of delivery examined by an inspector of the Federal State Department of Agriculture, Inspection Division, who certified that there was no decay in the tomatoes in question and that the load met Canadian import requirements as to grade and condition; that a representative of petitioner inspected some of the tomato fields prior to making the purchase; and that the tomatoes were processed at respondent’s packing house where they were loaded on a Sea Land Service, Inc. vehicle furnished by petitioner. The tomatoes were then shipped by refrigerated transport trailer to Jacksonville, Florida, where the trailer was loaded onto a ship and transported to the ultimate destination of San Juan, Puerto Rico. Upon the trailer being unloaded in Puerto Rico, it was discovered that the tomatoes were in stages of decay averaging 59%, and that this condition was occasioned by fusarium rot in various stages. A certificate certified that there was 94% decay, chiefly fusarium rot, mostly in advanced stages, which required dumping of the tomatoes. A pathologist’s report recommended that better packing and transportation methods be utilized.
It was the conclusion of the Commissioner of Agriculture that the evidence supported Six L’s contention that the terms of the sale were f. o. b. at its packing house, and that the inspection certificate on the date of delivery reflecting no decay met the specifications of petitioner’s order. We find ample evidence to support this conclusion.
In his brief, petitioner argues at great length the proposition that it was his burden to prove that fusarium rot was *734 in fact present in the tomatoes at the time of delivery, and concludes that since this condition had to be present at the time the tomatoes were harvested, he overcame this burden by proving that the tomatoes were infected with fusarium rot at the time they were dumped in Puerto Rico. Petitioner further makes the observation in his brief that the fusarium organism cannot be contracted by tomatoes during the transportation of same. In short, petitioner relies upon the doctrine of res ipsa loquitur, his reasoning being that if fusar-ium is found in the tomatoes at the point of destination, same must have become infected in the fields and were, therefore, infected at the time of sale. Unfortunately for petitioner’s position, the only authority we have in this record as to the propensities of fusarium rot is that volunteered by petitioner in his brief. There is a complete absence of testimony in this record to support petitioner’s argument that fusarium rot can only occur in tomatoes which were infected with the fusarium organism at the time same were harvested in the fields. Six L’s proved without contradiction that it delivered to petitioner’s vehicle at Im-mokalee, Florida, tomatoes that were in good condition which had been approved not only by petitioner’s representative but also were approved by proper governmental inspectors. Petitioner has failed to contradict this proof. The evidence supports the Commissioner’s findings.
Next, petitioner objected vigorously to the introduction into evidence of certain letters purporting to reflect that experts found that the fields from which the subject tomatoes were gathered and the tomatoes grown therein were free of fu-sarium. The letters were admitted by the hearing examiner for whatever probative value they might have. Examiners in administrative hearings are not required to comply with strict rules of evidence and have wide discretion in the admission of such evidence proposed by either party. Although the order recited that the letters were admitted, the Commissioner’s findings of fact clearly show that he ignored the letters and gave no efficacy to them. Since they had no materiality to the decision and the admission of same falls within the harmless error rule, we decline to pass upon this point.
Finally, petitioner attempts to question the constitutionality of Section 604.21, Florida Statutes 1967, F.S.A. In his brief, petitioner states that he does not question the constitutionality of Section 604.20, which requires that dealers in agricultural products shall give a bond to the Commissioner who will be responsible for collecting same. However, the petitioner does challenge the constitutionality of Section 604.21, which provides that attorney’s fees can be taxed and collected as costs in the event a civil suit instituted in accordance with said statute results in favor of the complainant, Six L’s Packing Company, Inc. It is our observation that the statute sought to be struck down by petitioner might well be termed the “If-statute”, and petitioner’s argument as to the constitutionality of same, the “If-argument”. We are clearly not here concerned with civil proceedings contemplated by the provisions of said statute. Subsection (3) of Section 604.21, Florida Statutes 1967, F.S.A., provides :
“(3) If the commissioner’s order is not satisfied within the time aforesaid, the producer may maintain a civil action against the licensee and his surety setting forth briefly in the complaint in said civil action the causes for which damages are complained. In any such suit, if the party who was successful before the commissioner finally prevails, he shall be allowed court costs and a reasonable attorney’s fee to be taxed and collected as a part of the cost of the suit.”
We have no allegation nor any record that such suit has been filed by petitioner. The petitioner speculates in his brief that if he refuses to pay Six L’s claim, and if the subsequent civil suit results in a judgment against him, then he shall be obli *735 gated to pay a reasonable attorney’s fee to Six L’s. We will not belabor the point but merely observe that if such a suit is instituted and if petitioner desires to contest the constitutionality of said section, determination of this issue can be reached at that time.
Certiorari denied.
JOHNSON and SPECTOR, JJ., concur.