CARROLL, Judge.
By petition for certiorari there is presented for review an order of the Florida Board of Accountancy suspending for three months the certificate to practice of the petitioner, a public accountant.
Under the procedure provided in Chapter 473 Fla.Stat., F.S.A. relating to Public Accountancy, the petitioner was charged with certain violations of the statute therein made a basis for suspension or revocation of a public accountant’s certificate to practice. Following a noticed hearing the Board entered an order containing findings of the commission of violations by the petitioner of the statute as alleged, and suspending his certificate to practice as a certified public accountant for a period of three months. The order was superseded pending appellate review.
We have considered the several contentions of the petitioner in the light of the record and briefs and find them to be without merit. Upon examination of the record, with due regard to the quantum of proof applicable in such cases, we conclude the decision of the Board was supported by substantial competent evidence. No useful purpose would be served by restatement of the evidence.
The petitioner contends the statutory provisions invoked are invalid because vague and indefinite. The statute is not, as claimed by petitioner, a penal or criminal act. In a statute relating to regulation of conduct of persons licensed to practice a profession, general terms such as “fraudulent, wrongful, or unlawful” acts, or “an act which renders him unfit to associate with the fair and honorable members of a profession” [§ 473.20(1) (d) and (g), now appearing as § 473.251(1) (c) and (f)] are sufficiently clear in declaring or designating actionable misconduct. It would be impracticable, if not impossible, for the legislature to undertake to enumerate every act of fraud, or of unprofessional or dishonorable conduct justifying revocation or suspension of which a certificate holder might be guilty.
The petitioner further contends that the action or actions for which the suspension order was entered did not represent any conduct by him done as an accountant or in the course of performing accounting duties. If such is the fact (and the respondent points to the record as disclosing the contrary) that circumstance would constitute no reason to reverse the challenged order. See The Florida Bar v. Hefty, Fla. 1968, 213 So.2d 422.
Petitioner presents the contention that the order should be reversed because *6 the Board improperly accepted evidence consisting of copies of a civil complaint and consent judgment involving petitioner in a case in another state, dealing with an unrelated matter. We find no harmful error there for two reasons. First, as pointed out by the respondent, the petitioner had placed his character in issue and presented character evidence as to which the questioned matter was introduced in rebuttal. Secondly, in such proceedings held before administrative boards they are allowed considerable leeway in attempting to arrive at the truth of the matter, and the rules of exclusion of evidence are not applied therein with that strictness which is required in trials in courts of law. McFall v. Florida State Board of Dental Examiners, Fla.App.1965, 173 So.2d 458, 460; Sauls v. De Loach, Fla.App.1966, 182 So.2d 304, 305; Odessky v. Six L’s Packing Company, Inc., Fla.App.1968, 213 So.2d 732, 734.
As a final point the petitioner presents the contention that he was denied due process in that the Board failed to comply with requirements that parties be permitted to take part in the proceedings and to submit findings and conclusions for consideration of the Board and to present and argue exceptions to the ruling of the Board. In support thereof the petitioner states only that the record fails to show that such rights were accorded him. We find no merit in that contention. The petitioner was given notice of the proceedings of the Board and participated therein. The record does not reveal any denial of due process as claimed. No objection appears to have been made to the time or place of hearing or to the procedure as employed by the Board.
No reversible error or departure by the Board from essential requirements of law having been demonstrated, certiorari is denied and the challenged suspension order of the Board is affirmed.
It is so ordered.