CARLTON, Justice:
In December 1968 appellee State Board of Accountancy charged appellant, a certified public accountant, with having grossly violated professional auditing standards in his treatment of financial condition reports relating to two corporations. For related litigation, see Investment Corporation v. Buchman, 208 So.2d 291 (2nd D.C.A.Fla.1968). On December 12, 1969, after hearings on the matter, the Board unanimously voted to suspend appellant’s certificate for one year; individual polling of the Board members at the time the decision was orally announced confirmed the unanimity of the Board. However, the following day, the Board Chairman announced that he wanted to change his vote. The other Board members were opposed, and a quorum for an additional meeting could not be mustered. At the next official meeting of the Board, held January 12, 1970, the Chairman continued his opposition by urging that the penalty be modified in response to a modification petition filed by appellant on December 16, 1969. The other members again stood firm. On January 19, 1970, the suspension order was filed and made official.
Appellant petitioned the District Court of Appeal for a writ of certiorari, chai- *200 lenging the Board’s action by asserting that: (1) Fla.Stat. § 473.20 (1967), F.S.A., authorizing disciplinary measures by the Board, was unconstitutional; (2) in the alternative, Fla.Stat. § 473.20(1) (1967)’s, F.S.A., requirement of a unanimous vote was not satisfied because of the Chairman’s subsequent change of mind; (3) certain accounting materials introduced into evidence constituted hearsay; (4) the Board’s suspension decision was unsupported by the evidence.
Certiorari was denied by the District Court, 245 So.2d 888, without opinion other than a citation to Forman v. State Board of Accountancy, 243 So.2d 4 (3rd D.C.A.Fla.1971). Previously, in separate proceedings, we determined that a petition for writ of certiorari in this cause based on conflict theory should be denied; Buchman v. State Board of Accountancy, 249 So.2d 689 (Fla.1971). But by declining to grant its writ, the District Court necessarily determined that the assertion of unconstitutionality was without merit, and that the actions of the Board were free from error. See Bloomfield v. Mayo, 119 So.2d 417, 421 (1st D.C.A.Fla.1960). We conclude that this effectively constituted an initial affirmative passing on the constitutional validity of Fla.Stat. § 473.20, F.S.A.; the conclusion is borne out by the citation to Forman. Jurisdiction for an appeal in this Court resulted; see Art. V, § 4(2), Florida Constitution, F.S.A.
 We find no reason to disturb the implicit adverse ruling of the District Court on the first, third and fourth issues raised below, and again here on appeal. But we are not satisfied that the unanimity requirement of Fla.Stat. § 473.20(2) (1967), F.S.A., was met: “A certificate may be revoked or suspended only by the unanimous vote of all members of the board . . . .” The act of voting itself does not comprise all that is obviously envisioned by this statutory language; the vote must be reduced to an official report of the Board’s decision, a report which is to be filed before it can take effect. Accord, Diamond Cab Co. of Miami v. King, 146 So.2d 889 (Fla.1962). Before the vote became official upon its filing on January 19, 1970, it became known that the Chairman no longer agreed. Under the circumstances, the Board should have noted this change at its January 12, 1970 meeting, and proceeded to reconsider the matter. It should be noted that, by its own terms, the suspension was not to take effect until the effective date of the order.
Ordinarily we would dispose of this cause at this point by remanding it for such further consideration of discipline as the Board might deem appropriate. However, under the circumstances obtaining here, it seems right and just, under Fla. App. Rule 2.1, subd. a(5) (a), 32 F.S.A., that appropriate discipline should be considered without further delay; cf. Florida Real Estate Commission v. Rogers, 176 So.2d 65 (Fla.1965); Brod v. Jernigan, 188 So.2d 575 (2nd D.C.A.Fla.1966). The incidents in question occurred in 1964, and formal charges were not brought until 1969, long after independent civil litigation was initiated against appellant; the appeal here on the disciplinary charges was lodged in April 1971. Thus more than eight years have passed since the audit was made, and more than five years have passed with appellant under suspicion. Appellant’s professional reputation has been impaired ever since a Circuit Court determined that he was guilty of negligence; see Investment Corporation of Florida v. Buchman, supra, footnote 1.
In light of the foregoing, it is our judgment that a public censure would safeguard the interests of the public and the profession. Accordingly, the decision under appeal is affirmed in part and reversed in part; the order of suspension entered by the Board is nullified and the Board is directed to reprimand appellant in such manner as the Board may deem appropriate.
It is so ordered.
*201 ROBERTS, C. J., and ERVIN, ADKINS and McCAIN, JJ., concur.
DEKLE, J., dissents.
BOYD, J., dissents with opinion.