PER CURIAM.
Petitioner, Ralph A. Buchman, by this petition for writ of certiorari seeks reversal of an order of the State Board of Accountancy revoking his license as a certified public accountant in the State of Florida.
At the outset petitioner urges that Sections 473.20 and 473.23, Florida Statutes, 1967, F.S.A., are unconstitutional delegations of legislative power in violation of Article III, Section 1, Florida Constitution, 1968 Revision, F.S.A., in that said statutes vest in the State Board of Accountancy the right to suspend or revoke the certificate of a certified public accountant for any conduct that the Board determines is wrongful or renders an accountant unfit to associate with others of his profession, without providing any legislative standards whatsoever for determining what conduct violates these statutes. This precise question was presented to this Court in Buch-man v. State Board of Accountancy[1] and was resolved contrary to petitioner’s contention. On appeal, the constitutionality of the subject statute was upheld by the Supreme Court of Florida.[2]
Petitioner also urges that the Rules of Procedure of the State Board of Accountancy which govern the proceedings herein failed to provide petitioner with the due process protections required by the United States Constitution and the Constitution of the State of Florida in that the mixing by the Board of the functions of first investigating and then authorizing the filing of the instant complaint and ultimately sitting and determining, as adjudicator, the petitioner’s guilt or innocence has deprived petitioner of procedural due process of law. This basic contention was urged in the case of In re Kelly,[3] wherein the Supreme Court observed that petitioner in that cause contended the Commission denied him due process of law in violation of the Fourteenth Amendment to the United States Constitution and the Declaration of Rights of the Florida Constitution in that the Commission was illegally constituted, being vested with the functions of investigation, prosecution, grand jury, and judge and jury of facts and law. In rejecting the unconstitutionality of that proceeding, the Supreme Court concluded that the hearing afforded petitioner met all the standards of judicial procedure. We conclude that the same rationale is applicable here.[4]
We have carefully considered the other points posed by petitioner in this proceeding and conclude that same are without merit. The evidence overwhelmingly supports the findings of the State Board of Accountancy and, thus, the petition for writ of certiorari is denied.
RAWLS and JOHNSON, JJ., concur.
SPECTOR, C. J., concurs in part and dissents in part.

. Buchman v. State Board of Accountancy, 245 So.2d 888 (1 Fla.App.1971).

. Buchman v. State Board of Accountancy, 262 So.2d 198 (Fla.1972).

. In re Kelly, 238 So.2d 565 (Fla.1970).

. Certiorari denied by the United .States Supreme Court in Kelly v. Florida Judicial Qualifications Commission, 401 U.S. 962, 91 S.Ct. 970, 28 L.Ed.2d 246. See also Mack v. Florida State Board of Dentistry, 430 F.2d 862 (C.A. 5 1970).