ERVIN, Justice
(dissenting) :
The Appellant, Department of Education, seeks to appeal here an initial judicial decision of the District Court of Appeal, First District, 260 So.2d 235, denying per curiam without opinion a writ of certio-rari to quash an order of the Career Service Commission granting Appellee George L. Howard thirty days’ severance pay after termination of his employment with the Department because the Legislature had not appropriated any further funds for the new fiscal year to pay his salary.
The Appellees in support of their motion to dismiss the appeal contend that we are without jurisdiction because the validity of an applicable statute was not directly passed on by the District Court nor was a controlling provision of the Constitution construed by it.
Implicit, however, in the District Court’s decision from an inspection of the record proper is that the District Court resolved this issue: Despite lack of a state appropriation therefor, a state agency must provide a state employee terminated because no funds are appropriated to pay his salary, thirty days’ severance compensation.
This decision implicitly appears to hold unconstitutional F.S. Section 216.311, F. S.A., as applied to this case. Section 216.311 prohibits a state agency from spending any state funds in excess of its appropriation. The decision also necessarily appears to construe by implication Article VII, Section 1(c), Florida Constitution, F.S.A., which provides no money shall be drawn from the state treasury except in pursuance of appropriation made by law. There appears to be an implied construction of this provision that money may be drawn from the treasury for severance pay without an appropriation.
Both of these provisions of law appear to have been considered and passed upon sub silentio by the District Court in the context of a case where a career employee *17 is laid off insofar as payment to him of severance compensation for thirty days is concerned. The issue of their effect in the case was squarely raised by the pleadings. On the merits the District Court may have ruled correctly but because of the constitutional issues Appellant is entitled to a review here.
As a matter of due process under the Constitution, the Appellant is entitled to have these initially decided constitutional issues resolved in an appeal. Otherwise, Appellant is subjected to an initial judicial decision of the District Court passing upon the validity of F.S. Section 216.311, F.S.A., as applied to the facts of this case and I think an implied construction of the cited constitutional provision, without being afforded any appeal whatever.
The Ogle v. Pepin (Fla.), 273 So.2d 391, decision filed February 21, 1973, construes the Constitution to disallow us to review an implied construction of a provision of the Constitution but a little inconsistently allows the inherency doctrine to continue to operate insofar as the validity of a statute is concerned. In the former situation there is no due process review; in the latter there is.
I think we have jurisdiction of this appeal because of the holdings in Evans v. Carroll (Fla.), 104 So.2d 375; Harrell’s Candy Kitchen v. Sarasota-Manatee Airport Authority (Fla.), 111 So.2d 439, and Buchman v. State Board of Accountancy (Fla.), 262 So.2d 198.
In the latter case a review of the Board’s decision was denied by the District Court without opinion; a petition for writ of certiorari was denied by us but we accepted an appeal of the District Court’s action saying “we conclude that this effectively constituted an initial affirmative passing on the constitutional validity of Fla.Stat. 473.20, F.S.A. . . . jurisdiction for an appeal in this Court resulted. See Art. V, § 4(2), Florida Constitution.” The identical situation appears to be present here.
I remain puzzled about our inherent appeal jurisdiction especially after Ogle v. Pepin, and I guess others do too.