300 So.2d 671 (1974)
Ralph A. BUCHMAN, Appellant,
v.
STATE BOARD OF ACCOUNTANCY, State of Florida, Appellee.
Ralph A. BUCHMAN, Petitioner,
v.
STATE BOARD OF ACCOUNTANCY, State of Florida, Respondent.
Nos. 43,623, 43,624.
Supreme Court of Florida.
July 31, 1974.
Rehearing Denied October 17, 1974.
Hugh M. Davenport, of Greene, Greene, Smith & Davenport; and Harold B. Haimowitz, Jacksonville, for appellant-petitioner.
*672 E. Earle Zehmer of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for appellee-respondent.
McCAIN, Justice.
This consolidated cause is before us on a petition for writ of certiorari to the District Court of Appeal, First District, and on direct appeal of the order of the District Court holding that Sections 473.20 and 473.23, Florida Statutes, are constitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1) and Section 3(b)(3), Florida Constitution. We accept jurisdiction and elect to treat the cause under the "Appeal" section, and thereby reject the petition for certiorari.
Appellant was the holder of a certificate to practice as a certified public accountant in Florida. By complaint dated February 16, 1971, the Board charged the appellant with having violated generally accepted auditing standards in the audit and examination of the financial condition of Leed's Shoes, Inc. for the fiscal periods ending April 30, 1962 through 1967.
The first count of the complaint charged the appellant with certifying or causing to be certified the consolidated financial statements for the aforementioned years that were false and fraudulent in one or more aspects.
The second count charged the appellant with willfully causing or permitting false amounts to be included on each of those financial statements so as to render each statement false and fraudulent.
Finally, the third count alleged that the appellant issued an unqualified opinion on each financial statement although he knew or should have known that the examination and audit had not been made in accordance with generally accepted auditing standards and procedures.
The appellant admitted performing the audits for 1962, 1963 and 1964, however the witnesses from Leed's testified that the appellant was not involved in the audits after 1964. Those audits made after 1964 were the responsibility of McCormick and Endsley, two of the appellant's partners.
In the fall of 1967, when Leed's and the accountants were notified that a Securities and Exchange Commission investigation was pending, the records from Leed's covering the years from 1961 forward were destroyed in an attempt to cover up the falsification of the corporation's ledgers. McCormick and Endsley were subsequently convicted in federal court for destroying those records.
The Board found the appellant guilty of fraud ostensibly upon the testimony of McCormick and Endsley and one Frank Garcia, president of Leed's Shoes, Inc.
The District Court of Appeal in a Per Curiam opinion rendered on February 6, 1973, denied a petition for writ of certiorari and adopted by reference an earlier opinion of this Court, Buchman v. State Board of Accountancy, 262 So.2d 198 (Fla. 1972), specifically upholding the constitutionality of Sections 473.20 and 473.23. Florida Statutes. Appellant herein again reinstates his assault upon the constitutional validity of the aforementioned statute in the face of these earlier holdings. We have accepted appellate jurisdiction in the hope of giving finality to this issue. It must be made clear that "[w]hen a thing ceases to be a subject of controversy, it ceases to be a subject of interest." Works, William Hazlitt, Vol. xii, p. 384.
We have therefore reviewed the pertinent sections of the statutes challenged in appellant's first point on appeal in light of our earlier pronouncement and find no just cause to deviate from that holding.
Appellant next contends that the finding of guilt was not proved beyond and to the exclusion of every reasonable doubt and/or is not supported by substantial competent evidence. Appellant additionally asserts that a great deal of the evidence tendered *673 during the evidentiary hearing was hearsay.
After reviewing the record, there is little doubt that false amounts were included in the statements of operations and that these erroneous statements were certified; however, the separate counts of the complaint charged the appellant with willfully causing and knowingly making false statements. These allegations require proof of specific intent. The third allegation contained the language of "knew or should have known".
It has long been the rule in this State that statutes permitting the revocation of occupational licenses are penal in nature. In State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930), this Court stated:
"... The rule is that, where statutes of this kind are invoked, the provisions of the statutes must be strictly followed, because the statute, as hereinbefore stated, is penal in its nature." at 148.
Therefore, as to the first two counts requiring specific intent, it is incumbent upon the Board to prove affirmatively either by direct or circumstantial evidence that the acts were done with the requisite specific intent. See Davis v. State ex rel. Florida Board of Dental Examiners, 181 So.2d 559 (Fla.App. 1965).
The Court in Forman v. State Board of Accountancy, 243 So.2d 4 (Fla.App. 1971) stated:
"The petitioner contends the statutory provisions invoked are invalid because [sic] vague and indefinite. The statute is not, as claimed by petitioner, a penal or criminal act." at 5.
We cannot agree. In State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973), this Court held:
"Certainly, threatened loss of professional standing through revocation of his real estate license is as serious and compelling to the realtor as disbarment is to the attorney. In succinct terms, it is our view that the right to remain silent applies not only to the traditional criminal case, but also to proceedings `penal' in nature in that they tend to degrade the individual's professional standing, professional reputation or livelihood." at 491.
This Court was therefore saying that when an individual's livelihood was threatened by an administrative hearing, the mere absence of a "fine" provision in the penalty statute did not take the proceeding out of the penal variety.
In reviewing the sufficiency of the evidence in this light, we find that there exists sufficient competent evidence showing that a continuing fraud was perpetrated directly involving members of appellant's accounting firm and personnel from Leed's Shoes. However the evidence does not establish that the appellant was directly involved in the conspiracy nor does it show that the appellant manifested the requisite intent nor the "specific intent" charges alleged in the first two counts of the complaint.
We are not substituting our judgment for that of the Board, but rather we are viewing the evidence, noting that the statute is penal in nature, and considering only that evidence tendered meeting the fundamental requirements of due process of law. This is not to say that the Board is required to follow all of the technical rules of evidence but the Board is required to provide substantive due process within the evidentiary hearing.
In State ex rel. Vining v. Florida Real Estate Commission, supra, we stated:
"... He has been fully informed of the nature of the charges against him and is entitled to be heard and to present all matters in his own defense at a hearing before the Commission. This is all *674 that is necessary to afford due process of law in an administrative proceeding." at 492.
Implicit within this definition is the requirement that the hearing itself must be carried out in an atmosphere of impartiality and fairness, attendant with the safeguards of due process of law. In Hime v. Florida Real Estate Commission, 61 So.2d 182 (Fla. 1952), it was stated that the Legislature of this State has held administrative boards to strict requirements of due process.
Earlier we stated that when rights of life, liberty or property are materially affected by the exercise of official administrative discretion, due process of law must be afforded to the proceedings. Williams v. Kelly, 133 Fla. 244, 182 So. 881 (1938).
In reviewing the record, it is clear that the evidence abundantly supports the allegation that a material fraud had been perpetrated and it is equally clear that had the appellant used generally accepted auditing procedure he would have known of the fraud. He therefore should have known of the fraud.
But as to the allegation that the appellant willfully caused and knowingly made false statements, the record does not disclose substantial competent evidence introduced in conformity with the requirements of due process of law.
As we earlier stated in Buchman v. State Board of Accountancy, 262 So.2d 198, supra:
"Ordinarily we would dispose of this cause at this point by remanding it for such further consideration of discipline as the Board might deem appropriate. However, under the circumstances obtaining here, it seems right and just, under Fla.App. Rule 2.1, subd. a(5)(a), 32 F.S.A., that appropriate discipline should be considered without further delay; cf. Florida Real Estate Commission v. Rogers, 176 So.2d 65 (Fla. 1965); [et seq.]".
Many years have passed here too since the alleged illegal activities and the license revocation proceedings. At some point these proceedings must come to an end. It is remarkable that they have not terminated with finality at some point before now.
It is, therefore, the ruling of this Court that a public censure would best safeguard the interest of the public and the profession. Accordingly, the decision under review is reversed and the Board is directed to reprimand appellant in such manner as the Board may deem appropriate. Additionally, to put this cause at rest, rehearing is hereby dispensed with in this matter.
It is so ordered.
ADKINS, C.J., and ERVIN and DEKLE, JJ., concur.
ROBERTS, J., dissents.