RAWLS, Acting Chief Judge.
John Drew, a licensed insurance agent, seeks review of an administrative order[1] entered by the Insurance Commissioner imposing an administrative fine of $2,250.00 [2] and placing him on probation for a period of two years.
Drew is licensed by the Insurance Commissioner as a general lines and an ordi *795 nary life, including disability, insurance agent. He was employed either as a “direct lines agent”, or an “independent agent” and his earnings were based upon a percentage of the insurance premium, usually fifteen percent in the case of automobile insurance, which is the only type of insurance involved in this appeal. At some point in time, Drew decided the premium commissions he received from various insurance companies were not sufficient to compensate him for certain overhead expenses, such as long distance telephone calls, time and clerical help in servicing policies, losses on bad checks in which he not only loses his commission but loses the entire premium,[3] and time spent for selling policies for which he is unable to collect commissions when the policies are subsequently cancelled. Drew, after consulting his attorney, initiated a charge to his customers of a “contingency fee” of $10.50.[4] In May, 1974, Drew met with a deputy commissioner of the Insurance Department, who advised him that he was of the opinion that the contingency fee was illegal. Drew immediately ceased collecting any such fee. Nevertheless, in August of 1974, the Insurance Commissioner filed formal charges against Drew alleging that on seven different occasions he had, in procuring the sale of automobile insurance, extracted from the purchaser of the insurance a premium plus a contingency fee of $10.50. The Insurance Commissioner contended that on each occasion this collection by Drew was unlawful in that: [5]
Count I: (a) He knowingly collected as a premium a sum in excess of the charge applicable to such insurance (F.S. 626.-970[2]);
(b) He collected a service fee (F.S. 626.970 [2]);
(c) He willfully used his license to circumvent the requirements of the insurance code (F.S. 626.611 [4]) ;
(d) He demonstrated lack of fitness or trustworthiness to engage in the business of insurance (F.S. 626.611 [7]);
(e) He committed fraudulent or dishonest practices (F.S. 626.611 [9]) ;
(f) He misappropriated money belonging to others in the conduct of business under his license (F.S. 626.611 [10]) ;
(g) He violated a provision of the insurance code in the dealing under his license (F.S. 626.621 [2]); and
(h) He failed to properly account for funds belonging to insurers or others (F.S. 626.561).
*796 Count II: In explaining to a customer and charging a contingency fee of $10.-50, Drew violated Florida Statutes 627.-403, 626.611(4), 626.611 (7), 626.611(9), 626.611(10), 626.621(2) and 626.561. “Charge I” is fully incorporated by reference.
Counts III, IV, V, VI and VII charge Drew with similar transgressions except each count names a specific individual. These counts also incorporated by reference “Charge I”.
Distilling the charges into the essence of Drew’s alleged transgressions, it is that he collected from seven named individuals a contingency fee of $10.50 each, which he candidly admitted. It appears, to use an appropriate colloquilism, that the Insurance Commissioner “threw the book at him”.
The first point raised by Drew is that the hearing procedure afforded did not comport with elemental principles of “due process”, because he' was subject to “house justice”.[6] The administrative process utilized did not, as a matter of law, deprive Drew of a fair and impartial hearing.[7] However, the transcript of the proceedings discloses a total lack of impartiality on the part of the hearing examiner. Drew called one witness other than himself. On direct examination that witness’s testimony encompassed six and one-half pages. The commissioner’s trial counsel’s cross examination of this witness is reported in three and one-half pages. The “impartial” hearing examiner then proceeded to cross examine the witness and, in many instances, badgered her for a total of fourteen pages. Similar conduct is reflected in the examiner’s extensive cross examination of Mr. Drew.[8] An administrative proceeding should provide a citizen with a fair, open, and impartial hearing.[9] Such was not allowed Mr. Drew in the instant proceeding.
At the outset of the hearing, Mr. Drew stipulated that he sold insurance to the persons named in each charge, that he collected the premiums from each of these persons as alleged in each charge, and that he collected a contingency fee in addition to the premium in each charge. Thus, the evidence in this case is unquestionably sufficient to support the examiner’s finding that Mr. Drew was guilty of violation of Chapter 626, Florida Statutes, by charging and collecting a contingency fee of $10.50 from each of the seven named purchasers of automobile insurance.
Upon fully reviewing this record, we address ourselves to a consideration of the severity of the punishment meted out to Mr. Drew. As in Rogers v. King,[10] Mr. Drew consulted with his attorney prior to instituting the contingency fee charge, and upon being advised by the deputy commissioner that in his opinion such constituted a violation, Drew immediately desisted from such practices. Upon the authority of Rogers, supra, we modify the order of the Insurance Commissioner. Paragraph one, requiring Mr. Drew to pay an administrative monetary fine of $2,250.00; paragraph two, placing Mr. Drew on probation; and paragraphs three (a) and four, specifying certain terms and conditions of probation, are hereby quashed. Paragraphs three (b) and three (c), requiring Dr. Drew to refund the contingency fee to *797 each customer from whom the fee was collected, and paragraph three (d), requiring Dr. Drew to cease and desist from violating insurance rules, regulations and laws, are affirmed.
MILLS and SMITH, JJ., concur.

. See Florida Statutes 626.611(4), (7), (9) ; 626.621(2); and 626.970(2). .

. The order recites: “. . . (such amount represents administrative monetary fines of $250.00 each as to Charges I, III, V, VI, VII and $500.00 each for Charges II and IV)

. At the hearing, Drew stated: “.
Another thing is if a person came in and tendered me with a bad cheek in payment and I sent in my agency cheek which I did and if this check was fraudulent then the company not only kept my check, they sent my money back to the individual unless I could get a power of attorney requesting the money come to me which was difficult. So I not only worked for free in some occasions, I contributed to the company’s welfare with no return whatsoever, as a matter of fact, it’s a loss to myself.”

. Drew had his customers sign the following document:
“Agent Sales Commission is earned at point of sale. The minimum earned contingency is $10.60 or at an earned rate of $10.50 per hour, whichever is greater.

“CANCELLATION

“No flat cancellation after inception. When policy cancellation is requested by the producer, premium finance company, or by the named insured, the effective date of cancellation will be no earlier than 12:01 A.M. on the date of postmark of cancellation request. If cancelled, the minimum agency cancellation charge will be $10.50 or 17% percent of the total premium refund amount, whichever is greater. This cancellation charge is applicable to all policies, regardless of term, and to each item insured. Cancellations for ANY reason other than at the Producer’s or at the Insuring Company’s request are short rate. Original policy, lost policy release, or written request of the insured is necessary where requested by insuring company.”

.The notice and charges which encompassed six legal size pages have been summarized.

. The hearing examiner was an employee of the Insurance Commissioner as was the trial counsel.

. Buchman v. State Board of Accountancy, 273 So.2d 122 (1 Fla.App.1973).

. At one point, the examiner stated to Mr. Drew: “You’re doing yourself no good and I’ll put it on record by not trying to answer question, running around in circles.”

. State v. Seaboard Air Line Ry. Co., 111 So. 391 (Fla.1927) ; See also Ford v. Bay County School Board, 246 So.2d 119 (1 Fla. App.1970) ; and Buchman v. State Board of Accountancy, 300 So.2d 671 (Fla.1974).

. Rogers v. King, 161 So.2d 258 (1 Fla. App.1964), cert. discharged 176 So.2d 65 (Fla.1965).