# Supreme Court of Florida

_____

No. SC15-2146
_____

**FLORIDA INDUSTRIAL POWER USERS GROUP,**
Appellant,

vs.

**ART GRAHAM, etc., et al.,**
Appellees.

[January 26, 2017]

QUINCE, J.

This case is before the Court on appeal from a decision of the Florida Public Service Commission (the Commission or PSC) relating to the rates or service of a public utility providing electric service.  See In re: Petition for approval of arrangement to mitigate impact of unfavorable Cedar Bay power purchase obligation, by Fla. Power & Light Co., No. 150075-EI, Order No. PSC-15-0401-AS-EI, 2015 WL 5655683 (Fla. P.S.C. Sept. 23, 2015).  We have jurisdiction.  See art. V, § 3(b)(2), Fla. Const.  For the reasons explained below, we affirm the Commission's order because we conclude that the Commission did not err in denying the request for sequestration in this case.

# I. FACTS

On March 6, 2016, Florida Power & Light Company (FPL) filed with the Commission a "Petition for Approval of Arrangement to Mitigate Impact of Unfavorable Cedar Bay Power Purchase Agreement." The petition requested that the Commission approve FPL's purchase of a power plant, Cedar Bay, so FPL could terminate its existing power purchase agreement with Cedar Bay. The Florida Industrial Power Users Group (FIPUG) and the Office of Public Counsel (the OPC)—representing the citizens of the state of Florida—both intervened in the proceedings in March of 2015.

On July 24, 2015, OPC and FPL reached a negotiated settlement agreement and filed a joint motion seeking the Commission's approval of the agreement. FIPUG objected to and did not sign the settlement agreement. The Commission held a hearing to address FPL's petition on July 28, 2015—despite the filing of the proposed settlement agreement, which it decided to address at a later date.

At the outset of the July 28, 2015, hearing on the petition, FIPUG invoked the rule of sequestration of witnesses, pursuant to section 90.616, Florida Statutes (2015), but the Commission denied the request, finding that it had discretion as to whether to apply the rule in its proceedings. At the close of the hearing, the Commission scheduled the hearing on the settlement agreement and approved it on August 27, 2015, entering its final order on September 23, 2015.

FIPUG now appeals on the sole issue that the Commission erred in not sequestering the witnesses after FIPUG made its request for sequestration under section 90.616, Florida Statutes (2015).

## II. ANALYSIS

In this case, the Commission concluded that because the hearing below was an administrative proceeding, it had discretion as to whether to apply section 90.616. Accordingly, it denied the request to invoke the rule of sequestration. Whether section 90.616 applies to administrative proceedings is a pure question of law, subject to de novo review. See W. Fla. Reg'l Med. Ctr., Inc. v. See, 79 So. 3d 1, 8 (Fla. 2012) (finding statutory interpretation to be a question of law, subject to de novo review).

Section 90.616 reads in its entirety:

> **90.616   Exclusion of witnesses.—**
> (1)  At the request of a party the court shall order, or upon its own motion the court may order, witnesses excluded from a proceeding so that they cannot hear the testimony of other witnesses except as provided in subsection (2).
> (2)  A witness may not be excluded if the witness is:
> (a)  A party who is a natural person.
> (b)  In a civil case, an officer or employee of a party that is not a natural person. The party's attorney shall designate the officer or employee who shall be the party's representative.
> (c)  A person whose presence is shown by the party's attorney to be essential to the presentation of the party's cause.
> (d)  In a criminal case, the victim of the crime, the victim's next of kin, the parent or guardian of a minor child victim, or a lawful representative of such person, unless, upon motion, the court determines such person's presence to be prejudicial.

§ 90.616, Fla. Stat. (2015). While the statute makes sequestration mandatory if a party requests it,[1] the plain language of the statute is ambiguous as to whether it applies in administrative proceedings.

To ascertain legislative intent, we first look to the other provisions within chapter 90 itself. Section 90.103, Florida Statutes (2015), entitled "Scope; applicability," states:

> (1) Unless otherwise provided by statute, this code applies to the same proceedings that the general law of evidence applied to before the effective date of this code.
> (2) This act shall apply to criminal proceedings related to crimes committed after the effective date of this code and to civil actions and all other proceedings pending on or brought after October 1, 1981.
> (3) Nothing in this act shall operate to repeal or modify the parol evidence rule.

§ 90.103, Fla. Stat. (2015). Under subsection (1), the Florida Evidence Code applies to the same proceedings to which the general law of evidence applied before July 1, 1979.[2]

---

1. See Hernandez v. State, 4 So. 3d 642, 662-63 (Fla. 2009) ("[S]ection 90.616 adopts the view that sequestration is demandable as a matter of right.").

2. The original effective date of the Florida Evidence Code was June 1, 1977. Ch. 76-237, § 8, Laws of Fla. However, in a series of bills, the Legislature amended the original date to instead read "July 1, 1979." See ch. 77-77, § 1, Laws of Fla.; ch. 78-361, § 22, Laws of Fla.; ch. 78-379, § 1, Laws of Fla.

However, as asserted by FPL and the PSC, the general law of evidence did not apply to administrative proceedings before that date. See Jones v. City of Hialeah, 294 So. 2d 686, 687 (Fla. 3d DCA 1974) ("[A]djudicatory proceedings before administrative boards are not required to adhere to strict rules pertaining to the exclusion of evidence required in trials in a court of law."); Odessky v. Six L's Packing Co., 213 So. 2d 732, 734 (Fla. 1st DCA 1968) ("Examiners in administrative hearings are not required to comply with strict rules of evidence and have wide discretion in the admission of . . . evidence proposed by either party."); Sauls v. De Loach, 182 So. 2d 304, 305 (Fla. 1st DCA 1966) ("It is fundamental that the strict rules of evidence followed in formal court actions do not govern in proceedings before administrative bodies."); Agner v. Smith, 167 So. 2d 86, 91 (Fla. 1st DCA 1964) ("[W]hile the strict rules of evidence applying to formal court proceedings do not govern hearings before an administrative board as here involved, the evidence relied upon by a quasi-judicial tribunal to sustain its ultimate finding should . . . be sufficiently relevant and material . . . ." (internal quotation marks omitted)); De Groot v. Sheffield, 95 So. 2d 912, 916 (Fla. 1957) ("[W]e are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed."). Therefore, under 90.103(1), Fla. Stat. (2015), the Florida Evidence Code does not strictly apply to administrative proceedings.

- 5 -

The OPC asserts that the general law of evidence did apply to administrative proceedings prior to the effective date of the Florida Evidence Code. In support, the OPC first cites a case in which we quoted the following rule from a former version of the Commission's Rules of Practice and Procedure: "Rule I reads: 'In general the rules of evidence applicable to hearings before the Florida Railroad and Public Utilities Commission shall be the general rules of evidence applied to the circuit courts of this State, <u>with such exceptions as the Commission may make</u>.' (Emphasis supplied.)" <u>Greyhound Corp., Se. Greyhound Lines Div. v. Carter</u>, 124 So. 2d 9, 16 (Fla. 1960). However, even the language of that rule clarifies that the rules of evidence are only generally applicable and can be modified based on the Commission's discretion.

The OPC also cites an order from the Commission—issued after the enactment of the Evidence Code and section 90.616 in particular—that reads, "[I]t is important to note that the Commission does rely on and follow the Florida Evidence Code and the Florida Rules of Civil Procedure in proceedings before it." <u>In re: Application for a Rate Increase by Gen. Dev. Utils., Inc. (Port Malabar Div.) in Brevard Cty.</u>, Nos. 911030-WS, 911067-WS, Order No. PSC-92-0326-PCO-WS, 1992 WL 12596236, 92 Fla. Pub. Serv. Comm'n Rep. 5:174 (Fla. P.S.C. May

11, 1992). But such language does not refute the Commission's argument that it has the discretion to rely on the Evidence Code if it desires to do so.[3]

FIPUG argues that resort to section 90.103(1) is unnecessary because the "all other proceedings" language within section 90.103(2) includes administrative hearings. Specifically, that subsection reads, "This act shall apply to criminal proceedings related to crimes committed after the effective date of this code and to civil actions and all other proceedings pending on or brought after October 1, 1981." § 90.103(2), Fla. Stat. (2015). Because the instant administrative proceeding before the Commission is an "other proceeding" which occurred after October 1, 1981, FIPUG argues the Evidence Code applied to this proceeding, unless specifically exempted.

However, FIPUG's argument is misplaced. Subsection (2) merely sets forth the timeline for applicability of the Evidence Code: proceedings occurring after October 1, 1981. That subsection does not modify or cancel out the scope of the applicability, as set forth in 90.103(1). Subsection (1) establishes the types of

---

3. Likewise, the OPC points out that the Commission has granted a motion to invoke the rule of sequestration in a previous case. See In re: Initiation of Show Cause Proceedings Against Cherry Payment Sys, Inc. d/b/a Cherry Commc'ns for Violation of Rule 25-4.118, F.A.C., Interexchange Carrier Selection, No. 921250-TI, Order No. PSC-93-1374-FOF-TI, 1993 WL 13647691, 93 Fla. Pub. Comm'n Rep. 9:412 (Fla. P.S.C. Sept. 20, 1993). However, again, this fact does not refute the Commission's assertion of discretion as to whether to apply the rule in its proceedings.

cases to which the Evidence Code applies and subsection (2) further narrows that scope to only those proceedings that were pending on or brought after October 1, 1981.  Accordingly, we find that the Commission did not err in finding that it has discretion regarding whether to apply the Florida Evidence Code—including the rule of sequestration found in section 90.616, Florida Statutes—in its administrative proceedings.

Administrative proceedings are instead governed by chapter 120, Florida Statutes, known as the Administrative Procedure Act (APA).  See §§ 120.51, 120.569(1), Fla. Stat. (2015).  Although chapter 90 sets forth the Florida Evidence Code, the APA contains its own guidance regarding the admissibility of evidence—including testimony—which is found in section 120.569(2)(g), Fla. Stat (2015).  That section reads:

> Irrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida. Any part of the evidence may be received in written form, and all testimony of parties and witnesses shall be made under oath.

§ 120.569(2)(g), Fla. Stat. (2015).  This section exemplifies the longstanding general rule, described above, that the rules of evidence do not strictly apply in administrative proceedings.  See Jones, 294 So. 2d at 687; Odessky, 213 So. 2d at 734; Sauls, 182 So. 2d at 305; Agner, 167 So. 2d at 91; De Groot, 95 So. 2d at 916.

We find that the Commission has discretion on whether to apply the Florida Evidence Code and, in particular, the rule of sequestration to its proceedings.

### III. CONCLUSION

Based on sections 90.103(1) and 120.569(2)(g), Florida Statutes, we find that the Florida Evidence Code is not applicable to administrative proceedings. Therefore, as the Commission ruled in this case, it has the discretion to refuse to apply the rule of sequestration, codified in section 90.616, Florida Statutes, during its proceedings. We deny relief to FIPUG and affirm the Commission's order in this case.

It is so ordered.

LABARGA, C.J., and PARIENTE, CANADY, and POLSTON, JJ., and PERRY, Senior Justice, concur.
LEWIS, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the Florida Public Service Commission

Jon Cameron Moyle, Jr. and Karen Ann Putnal of the Moyle Law Firm, Tallahassee, Florida,

for Appellant

Keith Hetrick, General Counsel, Samantha M. Cibula, Attorney Supervisor, and Pamela Hess Page, Senior Attorney, Florida Public Service Commission, Tallahassee, Florida,

for Appellee Florida Public Service Commission

James Ray Kelly, Public Counsel, and Charles John Rehwinkel, Deputy Public Counsel, Office of Public Counsel, Tallahassee, Florida,

    for Appellee Citizens of the State of Florida

Alvin Bruce Davis and Jonathan Ross Weiss of Squire Patton Boggs, LLP, Miami, Florida; and John T. Butler and Maria Jose Moncada, Florida Power & Light Company, Juno Beach, Florida,

    for Appellee Florida Power & Light Company