# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-2407
_____

FLORIDA DEPARTMENT OF
HEALTH,

     Appellant,

     v.

WINDY L. CHUN, L.M.T.,

     Appellee.

_____

On appeal from the Board of Massage Therapy.
Danielle Terrell, Executive Director.

January 23, 2025

PER CURIAM.

The Department of Health ("Department") appeals a final order, from the Florida Board of Massage Therapy ("Board"), adopting the Administrative Law Judge's recommended order and dismissing the matter. The Department raised three issues on appeal, each challenges the correctness of the ALJ's actions. We conclude the matter was impaired by a material error in procedure.

The Department filed an administrative complaint with the Board, alleging Appellee, Windy Chun, violated section 456.072(1)(c), Florida Statutes (2007), by pleading nolo contendere to a crime relating to the practice of massage therapy. The matter

proceeded to a formal administrative hearing before the Division of Administrative Hearings.

The parties jointly offered court documents from Chun's criminal case in Duval County. The documents indicated that Chun had entered a plea of nolo contendere to a prostitution charge. It also included documents explaining that the prostitution charge stemmed from a law enforcement operation conducted in a message studio and that the incident occurred while Chun was administering a massage to an undercover detective. At the hearing, the ALJ admitted the joint exhibit into evidence, without objection. No one at the hearing raised any concerns about the authenticity or admissibility of the joint exhibit.

In her recommended order, the ALJ sua sponte found that the already admitted joint exhibit was both unauthenticated and hearsay. As a result, the ALJ concluded that the Department failed to prove that Chun violated section 456.072(1)(c) and recommended that the Board dismiss the administrative complaint. The Board held a disciplinary hearing and entered a final order adopting the ALJ's recommended order and dismissing the matter.

We review an agency's findings of fact for competent, substantial evidence, and its conclusions of law de novo. *See* § 120.68(7)(b), (d), Fla. Stat.; *SEI Fuel Services, Inc. v. Fla. Dep't of Revenue*, 379 So. 3d 607, 609 (Fla. 1st DCA 2024); *see also* Art. V, § 21, Fla. Const.

This Court may remand a case to an agency for further proceedings when it finds that "[t]he fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." § 120.68(7)(c), Fla. Stat. We find that this matter was impaired by a material error when the ALJ, after the close of the hearing, sua sponte raised and ruled on the admissibility of the joint exhibit without giving the parties notice or an opportunity to be heard.

Administrative proceedings are governed by chapter 120, Florida Statutes, the Administrative Procedure Act ("APA"). Because Chun disputed issues of material fact, the parties

proceeded to a formal administrative hearing under sections 120.569 and 120.57(1), Florida Statutes. When proceeding under section 120.57(1), "[a]ll parties shall have an opportunity to respond, to present evidence and argument on all issues involved, . . . and [to] submit rebuttal evidence." § 120.57(1)(b), Fla. Stat. The ALJ then makes findings of fact and conclusions of law. *See* 120.57(2)(k), Fla. Stat. "It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence." *Heifetz v. Dep't of Bus. Reg., Div. of Alcoholic Beverages*, 475 So. 2d 1277, 1281 (Fla. 1st DCA 1985).

The APA sets forth its own guidance for the admissibility of evidence, and states that "[i]rrelevant, immaterial, or unduly repetitious evidence shall be excluded, but all other evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs shall be admissible, whether or not such evidence would be admissible in a trial in the courts of Florida." § 120.569(2)(g), Fla. Stat. The supreme court has held that in administrative hearings the Florida Rules of Evidence do not strictly apply, but that agencies can, in their discretion, apply them. *Fla. Indus. Power Users Group v. Graham*, 209 So. 3d 1142 (Fla. 2017). In addition to admitting the joint exhibit, the parties stipulated that the Florida Rules of Evidence applied to the hearing.

Neither the APA nor the rules of evidence authorizes an ALJ to admit an exhibit at a hearing, then later raise and rule on her own evidentiary objection sua sponte, and then exclude the already admitted exhibit. Nor do they allow an ALJ to exclude an admitted exhibit without first providing the parties an opportunity to be heard. *See* Chapter 120, Fla. Stat.; Chapter 90, Fla. Stat. Once an exhibit is admitted, a factfinder cannot refuse to consider it. A factfinder should decide what weight to assign a piece of evidence, but it cannot decline to consider the evidence altogether, even if the factfinder believes the evidence should not have been admitted. After admitting the joint exhibit, the ALJ erroneously raised and ruled on an evidentiary issue without any basis in chapter 120 or chapter 90. We, therefore, set aside the Board's final order and remand for further proceedings.

SET ASIDE AND REMANDED.

RAY, BILBREY, and LONG, JJ., concur.

————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

————————————————


Sarah Young Hodges, Chief Appellate Counsel, Prosecution Services Unit, Tallahassee, for Appellant.

Robert Sauerheber of Robert Sauerheber, PA, Orlando, for Appellee.

4