91 So.2d 206 (1956)
Harold H. HICKEY, Appellant,
v.
Reeves F. WELLS, Richard Chace, Robert B. Hughlet, C.J. Master, A.W. Kellner, F.A. Finley, and Frank T. Scott, as and constituting and being all the members of the Florida State Board of Dental Examiners, and Florida State Board of Dental Examiners, a Board Duly Organized and Existing under and by Virtue of Chapter 466, Florida Statutes, 1953, F.S.A., Appellees.
Supreme Court of Florida. Division A.
November 7, 1956.
Rehearing Denied January 3, 1957.
Ross Williams, Miami, for appellant.
Richard H. Hunt, Miami, for appellees.
*207 DREW, Chief Justice.
May 26, 1954, the appellant and another dentist were operating a dental office in which one John Johnson was officially a dental technician. It appears from scattered allusions in the record that the principal business of the office was the practice of dental prosthetics  less euphemistically, making false teeth.
May 26, 1955 an affidavit was signed by Thomas A. Price, charging that petitioner "has violated provisions of Chapter 466, Florida Statutes, * * *" Pending a hearing on the accusation, petitioner sought on two occasions to obtain Writs of Prohibition in the circuit court which, in part, questioned the sufficiency of the accusation. These were denied, and appeals were prosecuted to this Court. A motion to dismiss these appeals on the ground that the issues were moot, since the Board had acted by the time the appeals were considered, was granted by us and the appeals were dismissed without opinion.
August 8, 1955, after a hearing, the Board suspended Dr. Hickey from the practice of dentistry for three years. Following a recitation that the Board had considered the "accusations and charges and all evidence offered" the order of the Board read:
"Ordered and Adjudged that the charges and accusations of unprofessional conduct herein filed by Dr. Thomas A. Price against the respondent, Dr. Harold H. Hickey, of Miami, Florida, have been sustained and proven by a clear preponderance of the evidence, and the said Dr. Harold H. Hickey is therefore held and adjudged to be guilty of the several acts of unprofessional conduct as a licensed dentist of the State of Florida, as said unprofessional acts and conduct are charged and set forth in the affidavit of Dr. Thomas A. Price aforesaid."
Certiorari was taken from the above order to the circuit court. That court concluded that the order of the Board made sufficient findings in that it was, "in effect, a finding of the facts, as set forth in the affidavit or charge." He returned the case to the Board however "to convene and reconsider the evidence which came before them and to make such finding and order as may be appropriate and necessary after a reconsideration of said evidence by them, having in mind that before the charges may be held by them to be established, the evidence must be so clear, strong and unequivocal as to remove from the minds of the members of the Board every reasonable doubt as to the guilt of the petitioner as charged." The Board thereupon reconvened, and reinstated their former order couched in terms of the new degree of conclusive proof required by the circuit court's mandate. Certiorari was again applied for in the circuit court, which was denied, because:
"The petitioner has not demonstrated any want of due process or any substantial departure from ordinary and regular procedure by the Board in a matter of his kind."
Appeals from the denials of the two certiorari petitions bring the case to this court.
The propriety of using certiorari to obtain review of the Board's action is not raised here. Nevertheless the history of this case is an example of the confusion which can occur where a number of remedies appear to be available, but authority is not clear. In two earlier cases this court held that mandamus was a proper writ to secure review of the Dental Board's action. State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705, 95 A.L.R. 1416, and State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147. These cases did not hold that mandamus was the exclusive remedy. The availability of review is determined by the statutes creating the various administrative bodies and the familiar concepts of due process and ultra vires as developed in the administrative law of the state. It is sufficient at this time to announce *208 that until the legislature provides a simple writ of review as a mechanism for presenting to the courts administrative action which qualifies under the substantive law as reviewable, we have said and repeat here that there are at least two common-law writs which accomplish this mechanical object in Dental Board matters  mandamus and certiorari.
The applicable statute sets out procedure for the Board, and provides that a licensee "* * * may have the order of the board reviewed by the courts of equity or of law of this state." Sec. 466.24, F.S. 1955, F.S.A. The Pattishall case, supra, and the Whitman case, supra, are the only cases which touch on the question of procedure for review under the statute. The statute at the times when the above cases were decided, had no specific provision for review. Section 18 of Ch. 10109, Acts of 1925, and Sec. 18 of Ch. 14708, Acts of 1931. In 1941 the Dental Law was completely revised, and at that time two prominent lawyers, who were members of the committee to draft the 1941 act, proposed the above quoted language concerning judicial review as an amendment. This is all the available legislative history. Journal of the Senate, 1941 at p. 114 (Senate Act No. 92); Journal of the House of Representatives, 1941 at p. 200 (substituted Senate Bill No. 202).
Assuming that the statutory requirement that the Board "shall" proceed to try an accused dentist on the accusation solely of a stranger is a constitutional and valid provision  a question which is not raised and which we do not decide  the first issue argued by the parties is the adequacy of the accusation. The controlling principle is the requirement for the accusation, or administrative pleading, to indicate within the standard of fairness, the things the appellant must meet.
In State ex rel. Sbordy v. Rowlett, 125 Fla. 562, 569, 170 So. 311, 313, (in which the medical board revoked a license) the court stated:
"* * * he should be charged therewith clearly and with such reasonable certainty as to be given reasonable opportunity to defend against the attempted proof of such charges."
A good general statement of the matter is contained in Schwartz, American Administrative Law at page 75:
"All that should be required of an administrative notice is that the information given be `clear enough to apprise the informed party of the proposed action and the fact on which it hinges  clear enough, in short, to allow the preparation of a good defense if one is otherwise available, or clear enough to allow other participation if defense is not called for.'"
See the dictum in State ex rel. Williams v. Whitman, supra.
State v. Pattishall, supra, held that an accusation in a dental board case was inadequate; but the case must be regarded as based on the statute of that time, and therefore distinguishable from the present case.
The circuit judge whose order we are reviewing never ruled on the merits of the adequacy of the accusation  he specifically stated he was precluded from doing so, by the rulings made by another circuit judge on an application for a Writ of Prohibition. Nevertheless, this court shall rule on the issue, since the point is briefed and argued on both sides and the substantive matter was not disposed of in the prohibition proceedings.
The material part of the accusation is as follows:
"That Dr. Harold Hickey, * * * has violated provisions of Chapter 466, Florida Statutes, upon divers and sundry times and occasions within the past year by employing, allowing or permitting the performance, commission and practice of dentistry, dental operations, and dental work by one John Johnson, * * * who was and *209 is unlicensed to perform or practice any such dentistry, dental operations, and dental work in the State of Florida; and who is thereby engaged illegally in the practice of dentistry."
We summarize the other two paragraphs of the affidavit: In the second paragraph the appellant is charged with being the proprietor of the office wherein John Johnson engaged in his illegal activity; and in the third, the appellant is charged with giving aid and collaborating with John Johnson in the performance of his unlawful acts by making available for his use certain dental equipment which was the property of Dr. Hickey, "well knowing that same was to be used by the said John Johnson, alias Johnny Johnson, in his unlawful practice of dentistry * * *"
There is no procedure before this Board for requesting a bill of particulars, or for requesting, before hearing, a list of witnesses. We do not know what would have happened if a request had been made to the Board for any of these particulars; but without rules or statutory provisions, it is likely that no means exists to accomplish such objects before this Board. The Board is a temporary group of professional men, without knowledge of judicial procedural tools and without sufficient continuity in exercising judicial functions to be expected to attain such knowledge by experience. The procedures adopted by courts for the solution of similar problems cannot be grafted onto administrative proceedings by implication. While "due process" requires a procedure for disclosure, for example, or else specific accusation, it does not require both. Under the circumstances of the present case, a specific accusation is necessary. Cf. Jackson v. Mayo, Fla. 1954, 73 So.2d 881, 882.
At this point it is not relevant to discuss the actual proof because the requirement is for a fair chance to prepare a defense. Under the circumstances of this particular administrative action, the accusation does not meet the test. The statutory grounds must be based on some one's illegal "practice of dentistry" which was hired, allowed, or permitted by the appellant. Sec. 466.24, F.S. 1955, F.S.A. The "practice of dentistry" must take place on some person, at a given time, and (by statute) in the office of the appellant. Sections 466.24, 466.04, F.S. 1955, F.S.A. Considering the number of patients who visit the average dentist's office in a year, the accusation is deficient in not specifying with more particularity the acts complained of. The acts should be described so as to provide a fair opportunity for defense. The other factor  appellant's connection with the acts  is sufficiently described in a prima facie manner by linking the illegal acts to his office at specified times on specified persons.
Similar vague charges were involved in State of Florida, ex rel. Florida Bar v. Grant, Fla. 1956, 85 So.2d 232, 233, where a lawyer was being tried for unprofessional conduct. We quote from that opinion by Mr. Associate Justice Stanly:
"Briefly stated, subparagraph (a) is a general charge which says in substance that respondent specialized in handling divorces and during the period May 2, 1953, to December 2, 1953, filed in excess of 250 divorce suits, some of which originated outside of the state of Florida; that `in many instances' the testimony given and procured by respondent's clients to establish jurisdictional residence of 90 days was false and untrue and was known, or should have been known, by respondent to be false and untrue. Respondent's motion to strike that portion of the complaint should be granted for lack of definiteness in failing to place respondent on notice of the specific acts of alleged misconduct which he will be called upon to defend against. State ex rel. Fowler v. Finley, 30 Fla. 302, 11 So. 500; Gould v. State, 99 Fla. 662, 127 So. 309, 69 *210 A.L.R. 699. See also Vol. 3 Florida Jurisprudence, sec. 108, page 435."
The appellant also attacks the Board's order, which finds the allegations of the affidavit to be true and the appellant guilty as charged, because it fails to make specific findings.
The case of the removal of a school principal, Laney v. Holbrook, 150 Fla. 622, 630, 8 So.2d 465, 467, 146 A.L.R. 202, provides adequate guidance on this issue:
"When we consider the general nature of the language in which the charges were couched and the conclusions rather than specific statements of facts upon which such conclusions might be based, and when we also consider the remoteness of the dates alleged in some of the charges it becomes readily apparent that the general `verdict of guilty' was not sufficient to constitute findings of facts as required by the statute and, therefore, fell short of due process of law.
"* * * it became and was necessary for the County Board of Public Instruction to make a finding of fact, that is to set out the facts which they found from the evidence to be shown to be true as to each of the charges, so that a court authorized to review the matter on certiorari could determine, first, whether or not the facts as found by the Board constituted lawful grounds for the removal of the Principal and, having determined this question in the affirmative, to then determine whether or not the evidence supported the finding. Without this the reviewing court would be compelled to grope in the dark and to resort to guess-work as to what facts the Board had found to be true and what facts alleged were not found to be true."
See, Little Man's Club v. Schott, Fla. 1952, 60 So.2d 624; cf. State of Florida v. U.S., 282 U.S. 194, 215, 51 S.Ct. 119, 75 L.Ed. 291; cf. Justice Whitfield's concurring opinion in McRae v. Robbins, 151 Fla. 109, 9 So.2d 284, 290-291. For an extended discussion of the problem based on statutory requirements see Hardy v. City of Tarpon Springs, Fla. 1955, 81 So.2d 503. Professor Davis, on Administrative Law, p. 527, sums up the reasons for specific administrative findings:
"The reasons have to do with facilitating judicial review, avoiding judicial usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction." (Emphasis supplied.)
The findings of the Board in this case amounted to no more than a finding of "guilty as charged" in the affidavit. Earlier in the opinion we held the affidavit insufficient to provide fair notice to the appellant. We further hold that the statements in the affidavit do not provide adequate findings of fact when adopted for that purpose by the Board. We have quoted statements giving reasons for requiring specific fact-findings, which should guide the Board in any further proceedings. The Board should establish and announce findings of fact which will provide a basis for rationally inferring the conclusions which the statute requires. This is a broad statement, but any attempt to be more precise will unduly restrict the fact-finder without increasing the illumination of the problem.
Other issues are raised, but our conclusion as to the insufficiency as to the accusation and findings disposes of the appeal.
The judgment of the lower court upholding the order of the Board is hereby reversed with directions that a judgment be entered not inconsistent with the views herein expressed.
TERRELL and THORNAL, JJ., and WALKER, Associate Justice, concur.