CARROLL, Judge
(concurring specially).
I concur in the judgment of affirmance and in the opinion of the court on which it was grounded that the decision of the hoard was supported by competent substantial evidence entitling it to affirmance on the authority of DeGroot v. Sheffield, Fla.1957, 95 So.2d 912.
The point raised by appellants bearing on the question of the quantum of proof necessary in such cases before an administrative board is not determinative here because an examination of the record discloses that the evidence before the board was sufficient to support its decision under any of the standards of proof suggested and contended for by the appellants.
The appellants argue there was an insufficient quantum of proof in the trial of the matter before the board. That argument was prompted by the circumstances that although the board’s order made specific findings as to guilt of the alleged offenses, they were followed by the statement of the board in the order “that there was substantial and competent evidence in support of each of its findings.”
The question relating to this feature, as presented in the brief of appellants, was as follows:
“Whether the Quantum of Proof Necessary in Order for an Administrative Board to Adjudicate Guilt and Take Away License Held by the Accused Is (a) Some Substantial Competent Evidence, (b) a Preponderance of the Evidence, or (c) Clear and Positive Evidence Establishing Guilt Beyond a Reasonable Doubt?”
While the matter of the degree of proof used at the trial level in this case is not determinative for the reason stated above, the question presented by appellants is an important one. It was duly presented on the appeal, briefed and argued, and is deserving of discussion.
In my opinion it would not be correct in this type case for the quantum of proof before the (trial) board to be only the first of the three degrees listed in the above quoted question. To hold otherwise would amount to adopting for the trial tribunal the different rule which is applicable to an appellate court on review of an administrative board’s decision. The latter, as shown in DeGroot v. Sheffield, supra, being that on review on certiorari such a board’s decision should be affirmed if supported by competent substantial evidence. However, it should be noted the DeGroot case added a proviso that the board’s decision also must accord with essential requirements of law.
But the competent substantial evidence disclosed by the record which an appellate court may conclude furnishes adequate support for the board’s decision must be gauged with due regard to the quantum of proof applicable on the' trial level before the board. Therefore, it would appear to be a denial of due process of law for a quasi judicial tribunal trying an accused on certain charges of misconduct, to make a finding of guilt on the basis that in its opinion there is some competent substantial evidence to support such a finding.
Therefore, before a professional man or licensee such as involved in this case may be suspended or stripped of his license by an administrative board, the charges of misconduct leveled against him and on which he is tried by the board should be proved by clear and convincing evidence. See Hickey v. Board of Dental Examiners, 10 Fla.Supp. 12, 14-15. And see discussion thereof in the special concurring opinion by Justice Hobson, in the case of Tropical Park v. Ratliff, Fla.1957, 97 So.2d 169, at p. 176, showing the Supreme Court noted, but neither approved nor rejected the proposition that this quantum of proof should be applied by a board in such trials, since the Tropical Park case and the Hickey case on appeal (91 So.2d 206) were decided on other grounds which did not require the Supreme Court to resolve that question.
*529 If this higher standard of proof is not applicable to such tribunals in the trial of charges against an accused licensee, it would appear that due process would require at the least that the board be governed by a rule that such charges must be proved by a preponderance of the evidence. Our system of jurisprudence so requires in courts of law. While it is true, as said in DeGroot, “in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed,” that furnishes no reason to allow a quasi judicial tribunal to find an accused guilty of alleged offenses leading to suspension or revocation of a license on a lesser quantum of proof than would be required in any of our courts of law.
Cases appearing to hold otherwise, that is, that a quasi judicial tribunal’s decisions need be based only on some competent substantial evidence, will be seen to have reference to “decisions” of the character of determining a policy, or making a regulation, or, as in the DeGroot case, abolishing a listed position. In such matters, although a board “decided” them in a quasi judicial capacity, it may be necessary only that the board have some substantial basis in the evidence for so acting. In those proceedings not involving charges or issues to be “tried,” it is unnecessary and would be impractical to require a board to apply the higher degrees of proof. The need there is simply for a sufficient factual showing before the board to support its decision or exercise of discretion in the policy matter or for the making or application of a regulation, etc., to assure that is not done on whim or without factual basis. However, a substantially different situation is presented when an administrative board is proceeding to try an accused on charges of violation of law or other alleged misconduct.
In order to achieve due process of law in such trials before an administrative board, the quantum of proof should be equivalent to that which would be required if trial was in a constituted court, especially when, as in the case of such boards, the members thereof perform the dual role of accuser and judge.