PER CURIAM.
We are presented with a petition for writ of certiorari to review an order of the Florida Board of Dental Examiners.. The petitioner, Dr. Norman Russ, was found guilty of violating ■ sections .466.34 and 466.24(3) (d), (e), (h) and (n) of. the Florida Statutes, F.S.A. The accusation charged that Dr.. Russ, as a practicing dentist, allowed his receptionist and his dental assistant to sign work orders or work authorizations for dental laboratory work. After finding the petitioner guilty, the Board ordered a suspension of his license for six months.
The petitioner presents seven points on appeal, six of which urge procedural errors in the Board’s proceedings or challenge the sufficiency of the evidence. We have re-viewéd the record in the light of these six points. The findings of the Board are sup *784 ported by the record as measured by the standard set forth in De Groot v. Sheffield, Fla.1957, 95 So.2d 912; Florida State Board of Dental Examiners v. Feinglass, Fla.App.1964, 166 So.2d 686; McFall v. Florida State Board of Dental Examiners, Fla.App.1965, 173 So.2d 458.
The petitioner’s remaining point contends that, where the violation is not of such character as to evince a flagrant disregard of the law or to constitute acts that are malum in se, a suspension of the practice of dentistry for six months is so inordinately severe as to constitute an abuse of the discretion vested in the Board. This point finds support in the record. The offenses of which the petitioner was found guilty are in the main those related to record keeping. It was not shown that an unauthorized per’son had any physical contact with a patient. It does not appear that this was an obdurate' violation by the petitioner because he was shown to have abandoned the operation of a separate laboratbfy arid'-to have instituted Board-approved methods of record keeping.
Where the Board has' abused its discretion by prescribing punishment beyond th'at'"pfOpdr 'iii' the case, we have authority tb remedy the error. See Florida Real Estate Commission v. Rogers, Fla. 1965, 176 So.2d 65; Davis v. State, Fla. App.1965, 181 So.2d 559; Fla.Stat.1965, §§ 466.25(4) and 120.31(2), F.S.A.
We find that a six months’ suspension is excessive under the facts presented by this record and that the maximum punishment sustainable by the record is a suspension of the petitioner’s license for 30 days. This suspension will not destroy the professional life of the petitioner, but it is sufficient to emphasize the authority of the Board to enforce the provisions of Chapter 466, Fla. Stat., F.S.A.
The petition for certiorari is granted. The order brought for review is quashed. This cause is remanded to the Florida Board of Dental Examiners, and the Board is directed to enter an amended order reducing the period of suspension to 30 days.
It is so ordered.