320 So.2d 2 (1975)
Bert F. ERWIN, D.D.S., Petitioner,
v.
STATE of Florida, DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATION, DIVISION OF PROFESSIONS, FLORIDA STATE BOARD OF DENTISTRY, Respondent.
No. 74-1494.
District Court of Appeal of Florida, Second District.
October 8, 1975.
Rehearings Denied October 30, 1975.
*3 Lucius M. Dyal, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and James D. Whisenand and Donald D. Conn, Asst. Attys. Gen., Tallahassee, for respondent.
SCHEB, Judge.
Petitioner, Bert F. Erwin, D.D.S., seeks a writ of certiorari to quash an order of the State Board of Dentistry revoking his license to practice.
On October 30, 1974, the Board served petitioner with six counts of alleged violations of Fla. Stat., Ch. 466, accompanied by a notice of a hearing scheduled for November 30, 1974. Upon hearing the petitioner was found guilty of charges 2(a) (habitually coming to his office in an intoxicated condition thus rendering him unfit for the practice of dentistry) and 2(b) (allowing a dental auxiliary to practice dentistry without supervision). The remaining four accusations were dismissed. The Board issued a final order on December 9, 1974, revoking petitioner's license.
On appeal petitioner raises three points:
(1) Whether the alleged vagueness of charges and inadequate time to prepare his defense constituted a denial of due process of law;
(2) Whether there was substantial competent evidence to support the Board's findings on charges 2(a) and 2(b); and,
(3) Whether, under the circumstances, the penalty of revocation constituted a gross abuse of the Board's discretion.
We hold the petitioner was afforded due process of law and there was competent substantial evidence to support the findings of the Board; but, we grant certiorari and remand the cause for further consideration by the Board as to the penalty imposed.
We examine and discuss, in sequence, the points raised by appellant.

I. Whether petitioner was denied due process of law.

Petitioner was furnished a 30-day notice of charges against him as required by Fla. Stat. § 466.25(1). The length of notice comports with administrative due process of law. See State ex rel. Munch v. Davis, 1940, 143 Fla. 236, 196 So. 491, which upheld, against a charge of denial of due process, a statutory requirement of at least 10 days notice on charges against a physician which subjected his license to revocation. While recognizing a 30-day notice ordinarily may be adequate, petitioner contends it was inadequate here since the accusations in paragraph 2(a) failed to allege specific times and occasions of intoxication and the charges in paragraph 2(b) did not state the acts of unlawful dentistry with particularity. Further, although petitioner did receive a copy of the Board's investigation file, he complains of not having been furnished with various witnesses' statements, complaint letters, *4 and answers to interrogatories until seven days prior to the hearing. Realistically, it is difficult to find any merit in the petitioner's contention for three reasons:
(1) The accusations against petitioner were reasonably detailed.[1]
(2) The key witness as to the charge of allowing unlawful practice of dentistry, Janet Horne Elliott, was named in the accusation; however, petitioner made no application to depose her as permitted under Fla. Stat. § 120.25.
(3) Petitioner made no request, at the conclusion of the hearing, to present any further witnesses or offer any additional evidence.
In Hickey v. Wells, Fla. 1956, 91 So.2d 206, the Supreme Court held that administrative due process before the Board of Dental Examiners requires specific accusations or procedures for disclosure, but does not require both. Due process of law in an administrative proceeding is a flexible concept, and sub judice that concept was fairly adapted to these proceedings. See Cafeteria Workers v. McElroy, 1961, 367 U.S. 886, 81 S.Ct. 1743, 6 L.Ed.2d 1230.
The Florida Legislature recently enacted a revised Administrative Procedure Act. Chapter 74-310, as amended by Ch. 75-191. The Act represents a further legislative codification of standards designed to afford due process in administrative proceedings. We note that Fla. Stat. § 120.57 as amended, while not effective at the time of the hearing sub judice provides "... for a hearing after reasonable notice of not less than 14 days... ."

II. Whether there was substantial competent evidence to support the Board's findings.

As to the charges in paragraph 2(a) concerning habitually coming to the office in an intoxicated condition:
Dorothy Scheppe, a dental hygienist with petitioner's office from June 1971 to June 1973, testified that because of his drinking habits, the petitioner was unable to work from one-third to one-half of the time; that on at least three occasions she saw him come to the office while intoxicated. She described the petitioner as having exhibited the common characteristics of intoxication on these occasions; i.e., staggering, blood-shot eyes, slurring of speech, and flushed complexion. Rose Marie Guziolek, employed as a dental assistant from August 1971 to June 1972, testified that on at least two Mondays per month the petitioner came in with liquor on his breath and with a flushed face. Majorie K. Samulski, a dental assistant for petitioner from December 1972 to June 1973, who defined intoxication as a condition where one has consumed liquor to the point of affecting his behavior, testified petitioner would come in six or eight times a month in an intoxicated condition and would then work on patients. Still another assistant, Janet Horne Elliott, employed from August 1973 to April 1974, confirmed *5 that when the petitioner would call in, his voice would frequently be slurred. Finally, June V. Sawyer, a receptionist, employed from August 1973 to August 1974, testified that every five or six weeks the petitioner would call and in a slurred voice would cancel his appointments.
Petitioner testified that he did not come to the office to see patients when he was intoxicated. Several satisfied patients, the dentist next door, a dental technician, and his present receptionist testified they never saw him come to the office intoxicated. Likewise, a currently employed dental hygienist who is presently engaged to petitioner, and the petitioner's son testified the petitioner never came into the office intoxicated.
All witnesses were heard and observed by a Board composed of petitioner's professional peers. While there were some conflicts in the testimony, it was for that Board and not this court to judge the credibility of the witnesses and the weight of the evidence. The test on certiorari is whether there was competent substantial evidence before the Board to sustain its findings. Our review convinces us the Board's findings on the charges in 2(a) are supported by evidence which establishes a substantial basis of fact which reasonable minds would accept to support their findings. See De Groot v. Sheffield, Fla. 1957, 95 So.2d 912.
As to allowing a dental auxiliary to practice dentistry as alleged in paragraph 2(b):
Under 2(b) petitioner was charged with a violation of Fla. Stat. § 466.24(3) (e), which prohibits:
"Employing or permitting any unlicensed person or persons to perform any work in his office which would constitute the practice of dentistry or dental hygiene, except a dental auxiliary pursuant to the provisions of this chapter."
The principal witness against the petitioner was Ms. Elliott. As an auxiliary, Ms. Elliott was only permitted to perform those duties allowed under Fla. Stat. § 466.02(4):
"Pursuant to rules and regulations promulgated by the board, a dental auxiliary may, under supervision or direct supervision, as defined in section 466.09(8) and (9), perform limited auxiliary dental services, procedures, and duties which do not involve or require the skill or knowledge of a dentist or dental hygienist and which are only preparatory or supplementary to any diagnosis, surgical procedure, or treatment of disease, pain, deformity, deficiency, injury, or physical condition of the human teeth or jaws; but a dental auxiliary cannot perform any procedure which requires professional judgment and skill, such as diagnosis and treatment planning, the cutting or removal of hard or soft tissue, the insertion of any prosthetic appliance in the mouth which when worn by the patient would come into direct contact with hard or soft tissue, or the removal of calculus deposits from the exposed surfaces of the teeth and gingival sulcus."
Ms. Elliott installed temporary crowns and fillings, and when petitioner was away from the office she would receive calls from patients; and, upon her own diagnosis, would prescribe medication by direct calls to drug stores. Prescribing medication is a professional duty of a dentist; it is not a responsibility which can be delegated to his auxiliary. Allowing his assistant to perform this function was a clear violation of Fla. Stat. § 466.02(4). Without any formal training she administered nitrous oxide, an anesthetic, to dental patients. In fact, she commenced this practice the second week of her employment and administered this anesthetic to from 150 to 200 patients during her tenure with petitioner. Petitioner admitted she had administered nitrous oxide, but contended *6 that this was done under his supervision. Irrespective of supervision, Fla. Stat. § 466.04 provides, with certain exceptions not relevant here, that the administration of an anesthetic constitutes the practice of dentistry. Permitting an auxiliary to perform this function, which requires professional skill and judgment, is clearly a violation of Fla. Stat. § 466.02(4). The practice of dentistry is reserved to qualified members of the profession and it is not delegable except in respect to those functions specified in the statute.
Again, it was for the Board to determine the credibility and weight to be placed upon the witnesses' testimony. As a reviewing court we cannot substitute our judgment for that of the Board where, as here, the evidence is such that a reasonable man would accept it as adequate to support the conclusion that petitioner violated the statutory proscription against allowing an auxiliary to practice dentistry. Pauline v. Lee, Fla.App.2d 1962, 147 So.2d 359.

III. Whether revocation of the petitioner's license constituted a gross abuse of the Board's discretion.

Having found the petitioner in violation of Fla. Stat. Ch. 466, on the charges in paragraph 2(a) and 2(b) of the accusation, the Board, on each count, revoked the petitioners license to practice dentistry. Petitioner contends such penalty is too severe, pointing to the relative severity of the penalties imposed in some eleven other serious violations on which the Board has made decisions from 1963 to date.
Fla. Stat. § 466.24 provides that the Board:
"... shall suspend or revoke the license of any dentist ... when it is established to its satisfaction that he" has committed one or more of the enumerated violations.
Even where the findings of an administrative board are supported by the record, there is authority in this court to direct changes in the penalty. Russ v. Pepper, Fla.App.3d 1966, 190 So.2d 783. However, where the penalty is imposed by a peer group of professionals and is within the allowable range, this court is reluctant to disturb it. True, petitioner was not directly given the opportunity to be heard in reference to a proposed penalty as is now provided by statute.[2] The record, however, does not reveal any attempt on his part to be heard specifically as to the penalty, perhaps since the penalty was imposed immediately following the Board's determination of guilt.
Concerning the contention of the severity of the penalty, we note Rule 21G-3.03(b), Department of Professional and Occupational Regulation, Division of Professions, Board of Dentistry, adopted pursuant to Fla. Stat. § 466.08(9), in pertinent part states:
"In all matters, reprimand and leniency will be considered for first offenders and/or minor infractions of the law."
Obviously, the Board was not dealing with a minor infraction; however, we are advised the petitioner is a first offender. He argues the Board disregarded its own rule in handing down what he considers to be an extreme penalty.
Finally, we observe that while findings of an adjudicatory board generally precede its ultimate determination, here the reverse occurred. While the Board made its determination after the conclusion of the hearing on November 30, 1974, it was not until December 9, 1974, that it published its detailed findings and order. In so doing the Board made certain findings of fact not in *7 conformity with the evidence.[3]E.g., the Board found that Janet Horne Elliott testified she administered nitrous oxide "with respondent's [petitioner herein] full knowledge" to patients "when respondent was not in the office, and before the respondent attended to the patient." Actually, the testimony shows she administered it when the petitioner was in the office, but before he attended to the patient. And, while she testified that she had given nitrous oxide to a hygienist when petitioner was out of his office, there was no testimony that this was with the petitioner's knowledge. Irrespective of these errors in the findings, it appears the petitioner was guilty of violating the statute proscribing the unauthorized practice of dentistry. Nevertheless, the degree of his culpability is relevant in respect to the proper penalty to be imposed.
There are some erroneous findings of the Board relating to the serious charge of permitting unauthorized practice. Moreover, the record is silent as to whether the Board considered the first offender status of the petitioner. These factors, coupled with the petitioner's avowed desire to be heard on the penalty, have caused us to conclude it comports with justice and administrative due process to remand the proceedings to the Board for purpose of the Board correcting its findings in the instances pointed out and to allow the petitioner to be heard as to the penalty. After correcting its findings, the Board shall then reconsider whether a penalty of revocation of license is appropriate and make its judgment accordingly.
Petition for Certiorari is granted and this cause is remanded for further proceedings consistent with this opinion.
McNULTY, C.J., and GRIMES, J., concur.
NOTES
[1] That between the dates of September 1, 1971 and September 1, 1974, said Dr. Bert F. Erwin did habitually and continually come into his office at 1710 Drew Street, Clearwater, Florida, in an inebriated and intoxicated condition thus rendering him unfit for the practice of dentistry; said Dr. Bert F. Erwin did on a routine basis, because of his intoxicated and inebriated condition both in and out of the office, have his office personnel completely cancel out his scheduled patient appointments for a week at a time, said acts being in violation of Chapter 466, and in particular Section 466.24(1) and (3) (a), Florida Statutes.
(b) That said Dr. Bert F. Erwin did, during the period of time between September 1, 1973 and April 19, 1974, allow certain of his office personnel, to-wit: Jan Horne [Elliot], practice dentistry without supervision in violation of Chapter 466, Florida Statutes, and in particular Section 466.24(3) (e) (n)."
[2] Fla. Stat. § 120.571(1) (b) 9 effective January 1, 1975, now specifically provides an opportunity for a party to respond to a penalty proposed by an administrative agency.
[3] Fla. Stat. § 120.68(10) which also became effective January 1, 1975, specifically provides for remand if an agency's action is based on an erroneous finding of fact.