McNULTY, Chief Judge.
Pursuant to the Administrative Procedure Act,[1] we review by certiorari the two-year suspension of the mortgage brokerage license issued to the corporate petitioner and its president and sole owner, Mathews. We affirm in part and reverse in part.
Respondent, as the State Comptroller and sitting as the head of the Florida Department of Banking and Finance, confirmed and adopted the recommendations of a hearing examiner for the Division of Administrative Hearings and found the petitioners guilty of: (1) failing to maintain an escrow account as required by § 494.-05(l)(f), F.S.1973; (2) failing to maintain and preserve closing statements in the records of their transactions as required by § 494.06(3), F.S.1973; and (3) charging fees in excess of those allowed by the provisions of § 494.08(4), F.S.1973. A careful review of the record persuades us that there was competent, substantial evidence to support the conclusions of the hearing examiner and respondent with respect to the first two *442 specifications. The specification with respect to excessive fees, however, is necessarily predicated on another subsection of that statute, i. e., § 494.08(3), F.S.1973, which we think is constitutionally void for vagueness.
Subsection (4) of § 494.08, supra, as noted, prescribes the maximum fees or commissions which may be charged by a licensed mortgage broker. These máxi-mums, however, are modified by the preceding subsection of that statute, i. e., the aforesaid subsection (3), which provides that:
“(3) No person shall charge or exact directly or indirectly from the mortgagor a fee or commission in excess of the maximum fees or commissions as set forth herein. The fee or commission shall include all direct or indirect costs or expenses incidental to the processing and closing of the mortgage loan transaction, including but not limited to appraisal fees, abstracting charges, title insurance premiums, and attorneys’ fees, but shall not include the cost of state intangible taxes, documentary stamps and recording fees actually paid to a public official.” (Emphasis supplied.)
Clearly, § 494.08 at once prescribes maximum, outside limits of an aggregate fee that can be charged, but mandates deducting therefrom “all direct or indirect costs or expenses” incidental to the transaction, expressly including such things as abstract or title insurance costs and attorneys’ fees, none of which are limited by Ch. 494, F.S. 1973, itself or by any other statute. The broker is thus compelled in each instance to gear his charges to those of all such others furnishing services to the borrower. It is impossible, therefore, for a broker to know before a transaction begins what fees he may charge (thus his client would necessarily be equally ignorant) and, after the transaction, it is indeed possible that by deducting “all direct or indirect costs or expenses incidental” to the transaction there would be little if anything left below the maximum. Obviously, not only are the mandated deductions speculative, the allowable net brokerage is also. There are simply no reasonably certain guidelines by which brokerage in a given case can be computed. For this reason, in our view, subsection (3) of § 494.08, supra, when read together with subsection (4) thereof, is fatally overbroad and vague.
Accordingly, the findings with respect to the charging of excess fees must be voided and set aside. This necessarily brings into focus petitioners’ fourth point on appeal, which is that the two-year suspension is an excessive penalty. Because petitioners’ guilt of excessive fees must be set aside, and since a reading of the record persuades us that this was the most serious of the specifications and charges against them, we would agree that the penalty (the maximum allowable under § 494.05(1), F.S. 1973) would not have been as severe absent a finding of guilt thereof. Therefore, the penalty invoked herein should be, and it is hereby, reversed and set aside; and the cause is remanded for due consideration of another and lesser penalty which, in the sound discretion of respondent, would be appropriate for guilt of the remaining two specifications of the charges herein.[2]
Petition for Certiorari is granted and this cause is remanded for further proceedings not inconsistent with this opinion.
SCHEB, J., concurs.
BOARDMAN, J., concurs in part; dissents in part with opinion.

. See § 120.68(2), F.S.1975.

. Cf. Erwin v. State, Dept. of P. & O. R., Etc., Bd. of Dentistry (Fla.App.2d, 1975), 320 So.2d 2.