PER CURIAM.
The City of Opa-Locka contends that the circuit court’s appellate division erroneously reversed the City’s termination of Owens as a police sergeant on the basis that he was denied due process in that there was insufficient written notice to Owens setting forth “such facts in detail as shall enable the said employee to explain the situation in his own defense” pursuant to the directive contained in the City’s Personnel Rule XIX.
A brief history of the action begins with appellee’s suspension with pay, pending the outcome of an investigation of him and others by the Dade County Grand Jury in April and May of 1977. In June 1977 appel-lee was indicted by the grand jury, and his suspension was converted to one without pay. In April of 1978 the City received notification from appellee’s attorney that he had been cleared of all criminal charges and that he desired to be reinstated. During April and May of 1978 the City held the matter in abeyance, but in June notified the appellee by letter that he was terminated from his position. Appellee filed an appeal and an administrative hearing was held in September of 1978, after which a decision was rendered upholding the City’s termination of appellee; Owens then filed his notice of appeal in the appellate division of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida. In April 1979 the order of reversal was entered by the appellate division. The said order reads in pertinent part:
“In addition to the instant provision of the Personnel Rules providing for ‘facts in detail’ the courts of Florida have recognized in administrative proceedings that due process requires specific accusation so that the employee may properly prepare himself to answer the charges and otherwise not be caught by surprise. State v. McCall [158 Fla. 655], 29 So.2d 793 [739] (Fla.1947); Hickey v. Wells, 91 So.2d 206 (Fla.1957). A defect in the particulars of notice may be cured by the record demonstrating a ‘procedure for disclosure.’ Hickey v. Wells, supra.” “After full review of this record, the court finds no ‘procedure for disclosure’ and is not persuaded by the City’s argument that despite the lack of written notice as to time, place and detail, Owens ‘had full knowledge of all charges, facts, circumstances, testimony and exhibits that were to be used by the City well in advance of the personnel hearing and in sufficient time to prepare his explanation or defense to them.’ ”
"For these reasons, Owens was denied due process of law as required by the Florida and Federal Constitutions.” Accordingly, the order appealed is REVERSED and the City of Opa-Locka is ORDERED to reinstate RAYMOND L. OWENS to the position of Police Sergeant with full back pay pending further proceeding by the City not inconsistent herewith.”
The City of Opa-Locka Personnel Rule XIX relating to dismissals, suspensions, demotions and resignations defines the type of notice required:
“SECTION 1. NOTICE: The removal, suspension or reduction in pay or class of a permanent employee who has completed his working test or probationary period shall not become effective until the department director shall have first served the said employee with a written notice thereof, together with such facts in detail as shall enable the said employee to explain the situation in his own defense
Appellee maintained below that the notice of dismissal[1] was completely lacking in *104 detail or specified facts to put him on sufficient notice as to the charges against him and the rules he violated — and consequently he was not given a fair opportunity to prepare his defense. We cannot agree with such assertions.
A review of the entire record shows that the position taken by the appellant-City throughout the proceedings is the more enlightened view of the facts and their legal effect; the City contends that even if the June 5, 1978 termination letter was, in and of itself, insufficient to meet notice/due process standards, the special factual situation and occurrences involved in the entire case demonstrate that sufficient notice of the charges was afforded Owens to enable him to prepare his defense. In support of this position we specifically take note of the following uncontroverted facts: (1) the June 6, 1977 letter notifying Owens of the conversion of his suspension with pay to that of suspension without pay cites the exact statutory violations upon which the Grand Jury had indicted him; (2) the appel-lee was represented by the same attorney throughout the criminal and administrative proceedings, and said attorney had knowledge and access to all exhibits and testimony; (3) the City had made available to appellee’s counsel copies of any materials from the City’s file (which was, in fact, the compilation of materials from the criminal case file); (4) counsel for the respective parties attended a pre-trial conference with the hearing examiner before the administrative hearing, and at that time copies of all testimony through deposition, exhibits, and other pertinent matters were discussed and reviewed; (5) there were no requests for a bill of particulars, an explanation or clarification of charges made by appellee until the start of the personnel appeal hearing in September of 1978; (6) the exhibits and transcripts of depositions which support the charges against appellee were introduced without objection and upon a prior stipulation between the parties at the hearing before the hearing examiner. In light of the enumerated facts above, it is clear that Owens had full knowledge of all charges, facts, testimony and exhibits well in advance of the personnel hearing and there was manifestly adequate time to prepare his explanation or defense.
Unlike the circumstances of the cases cited by the lower court in its order, this individual was not denied due process because he clearly had full disclosure and knowledge of all charges upon which his dismissal was founded. In State v. McCall, 158 Fla. 655, 29 So.2d 739 (1947), the administrative agency denied the police officer’s request for a bill of particulars and did not provide him with the jurisdictional facts or jurisdictional grounds before the hearing. In the case before us, however, Owens was in possession of all file materials including the charges, facts, testimony and exhibits long before the hearing date. Furthermore, in McCall there was no evidence at all in the record to support any of the alleged grounds for removal. In Hickey v. Wells, 91 So.2d 206 (Fla.1957), the court held that where proceedings against the dentist for permitting the illegal practice of dentistry were instituted before the Board of Dental Examiners, and there were no rules or statutory provisions for requesting a bill .of particulars, then specific accusations had to be revealed to the appellant in order to insure due process; the court went on to state that “due process”, while requiring a procedure for disclosure, does not require both a “procedure for disclosure” and a means of “specific accusation.” In the in *105 stant case, Owens was more than sufficiently on notice of the grounds for his dismissal prior to his hearing.
Appellant’s claim of error by the lower tribunal is further supported by the holding in Ervin v. State, 320 So.2d 2 (Fla. 2d DCA 1975), where the court affirmed the Board of Dentistry’s order — despite the petitioner’s claims of due process violations — because the petitioner had received a copy of the Board’s investigation file and later received various witnesses’ statements, complaint letters, and answers to interrogatories. The court in referring to the Hickey, supra, decision states that “[d]ue process of law in an administrative proceeding is a flexible concept . . . that concept was fairly adapted to these proceedings” and the required demonstration of sufficient notice by “specific accusations” or “procedure for disclosure” had been met. See also Ahern v. Florida Real Estate Commission, 149 Fla. 706, 6 So.2d 857 (1942) and State ex rel. Williams v. Whitman, 116 Fla. 196, 156 So. 705 (1934), and their progeny [the rights of the accused to be informed with reasonable certainty of the nature and cause of the accusations against him and to be afforded a reasonable opportunity to defend against such charges — but there need not be the technical niceties or formal ex-actnesses as required of pleadings in the courts].
Accordingly, we reverse and remand with directions to vacate the order of reversal and to proceed in the matter consistent with the views herein expressed.
Reversed and remanded.

. The letter of termination from the City Manager dated June 5, 1978, upon which the lower court based its decision, states:
“This is to advise that you are hereby terminated from the City of Opa-Locka Police Department, pursuant to Rule XIX of the City of Opa-Locka Personnel Rules, for the following breaches of duty and grounds for removal, to wit:
“1. Improper possession and handling of contraband drugs and other items seized pursuant to arrest in violation of City Police policy and directives.
“2. Improper paying and handling of informants by giving them illicit drugs for infor *104 mation instead of using the department’s informants fund in violation of City Police policy and directives.
“3. Improperly and illegally being involved in the selling and illicit drugs in violation of City Police policy and directives of State Law.”
“The aforesaid charges constitute violations of Personnel Rule XIX, Section 2, subparagraphs (B), (E) and (G), a copy of which is attached hereto, and by this reference made a part hereof.
“In accordance with the Collective Bargaining Agreement between the City of Opa-Locka and the Dade County Police Benevolent Association, you are entitled to appeal your dismissal pursuant to the procedures outlined in the said Agreement.
“PLEASE GOVERN YOURSELF ACCORDINGLY.”