## LARIMER v STATE OF FLORIDA

Case No. 91-1426-CA (Lower Court Case No. 91-5853-TC)

Fifth Judicial Circuit, Citrus County

September 19, 1991

### APPEARANCES OF COUNSEL

**Charles P. Horn, Esquire,** for petitioner.

**Brad King,** State Attorney, for respondent.

Before McNEAL, BOOTH, SINGELTARY, JJ.

### OPINION OF THE COURT

McNEAL, R.

Circuit Judge.

Petitioner, David E. Larimer, filed a Petition for Writ of Certiorari

alleging that the county court departed from the essential requirements of law by failing to rule on petitioner's Motion to Disqualify.

First, we find common law certiorari is appropriate under the facts of this case because the trial court violated a clearly established principle of law by failing to follow Fla. R. Crim. P. 3.230. If the trial court had denied petitioner's Motion to Disqualify, petitioner could have appealed the ruling by applying for a writ of prohibition. Since the trial court has not ruled, certiorari is appropriate to invoke the jurisdiction of the circuit court. *See Combs v State,* 436 So.2d 93 (Fla. 1983); *See also, McKay v McKay,* 488 So.2d 898 (Fla. 3d DCA 1986) where the question of disqualification was raised by certiorari.

Petitioner filed a Motion to Disqualify the trial judge. He attached two affidavits that alleged an escalating pattern of animosity between the trial judge and petitioner's defense attorney who ran against the trial judge in 1990. After he reviewed the motion and affidavits, the trial judge scheduled a hearing on the motion. At that hearing the trial judge took the motion under advisement, scheduled another hearing, and ordered the defense attorney to furnish transcripts of court proceedings to support his allegations of prejudice.

Fla. R. Crim. P. 3.230(d) provides, in part,

> The judge presiding shall examine the motion and supporting affidavits to disqualify him for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. *If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself and proceed no further therein.* (emphasis added). This disqualification rule is designed to prevent an intolerable adversary atmosphere between the trial judge and the party seeking the judge's disqualification. *Bundy v Rudd,* 336 So.2d 440 (Fla. 1978). When the trial judge receives a motion to disqualify, the judge may only determine the sufficiency of the motion and affidavits. *Taylor v State,* 557 So.2d 138, 142 (Fla. 1st DCA 1990). This does not require a hearing, oral argument, the presentation of evidence, or a review of prior court proceedings. The legal sufficiency of the motion and affidavits is purely a question of law. *McKenzie v Super Kids Bargain Store, Inc.,* 565 So.2d 1332, 1335 (Fla. 1990).

When the trial judge scheduled a hearing on petitioner's motion and ordered the defense attorney to furnish transcripts to support his allegations, the trial court went beyond the inquiry allowed by R. 3.230. This procedure is appropriate only in rare cases, such as *Hamilton v State,* Case No. 91-898-CA (Fifth Judicial Circuit Appel-

14

late Division, Order Denying Amended Petition for Writ of Prohibition, May 31, 1991) where the motion to disqualify is legally insufficient and the procedure does not create an intolerable adversary atmosphere. But the procedure of scheduling hearings and ordering transcripts is never appropriate where the affidavits are sufficient.

Affidavits are legally sufficient if they allege facts that "would place a reasonably prudent person in fear of not receiving a fair and impartial trial." *Livingston v State,* 441 So.2d 1083, 1086 (Fla. 1986). Conflict between a judge and an attorney may be the basis for the client's fear that he will not receive a fair trial. *Hayslip v Douglas* 400 So.2d 553 (Fla. 4th DCA 1981). The question of legal sufficiency depends upon the reasonableness of the client's subjective belief, not the judge's actual ability to act fairly and impartially. *Livingston* at 1086.

Applying this law, we find that petitioner's allegations are legally sufficient and the trial judge should have granted the motion to disqualify. Accordingly, we grant the petition for writ of certiorari and order the trial judge to disqualify himself in this proceeding. We are confident issuance of a formal writ is unnecessary.

BOOTH, J. and SINGELTARY, G., concur.